**Charles RICE et al., Plaintiffs,**

v.

**CITY OF PHILADELPHIA et al., Defendants.**

**Civ. A. No. 73–895.**

United States District Court, E. D. Pennsylvania.

Jan. 2, 1974.

Mercer D. Tate, Edwin D. Wolf, Marc Rohr, Philadelphia, Pa., for plaintiffs.

Paul B. Pollack, Philadelphia, Pa., for Joseph R. Glancey.

Murray C. Goldman, Asst. City Sol., Philadelphia, Pa., for City of Philadelphia and Joseph F. O'Neill.

Judith Dean, Asst. Dist. Atty., F. Emmett Fitzpatrick, Dist. Atty., Philadelphia, Pa., for Arlen Specter.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

Plaintiffs in this civil rights action seek declaratory, injunctive, and compensatory relief against the City of Philadelphia, its Police Commissioner, District Attorney, and Municipal Court judges. Plaintiffs, who bring the action on behalf of themselves and all others similarly situated, charge the existence of a pattern or practice which results in illegal detention of persons charged with crime, because of delays in holding preliminary arraignments.

The question to be decided now is whether the action may be maintained as a class action on behalf of a class of plaintiffs, and against a class of defendants. The class action issues can best be understood after an analysis of the

substantive issues raised by the Complaint.

After setting forth specific instances, relating to the named plaintiffs, in which violations are alleged to have occurred, the Complaint charges, in effect, that these instances are fairly typical of the treatment accorded a large percentage of persons arrested in Philadelphia. The evils complained of are summarized in paragraph 43 of the Complaint in the following language:

". . . arrested persons are frequently held for periods of time in excess of 12 hours, and often in excess of 20 hours, while awaiting preliminary arraignment. During this time they are frequently denied food, necessary medical treatment, and the opportunity to communicate by telephone or otherwise with anyone on the outside—including attorneys."

Plaintiffs then proceed to list seven specific causes for the delay in preliminary arraignments. The first four of these causes are attributed to the Police Department (detention for the purpose of securing confessions; detention for the purpose of holding line-ups; detention for the purpose of humiliation and intimidation of prisoners, especially those involved in confrontations with police officers; and insufficient allocation of manpower to Police Headquarters for processing of arrested persons). Another of the alleged causes is attributed to the District Attorney's office (cooperation by assistant district attorneys in the delays attributed to the police, and "refusals by assistant district attorneys to assure prompt preliminary arraignment of accused persons.") The judges of the Municipal Court are charged with failing "to meet their assignments at prearraignment court" and "refusal . . . to assure prompt preliminary arraignment of accused persons."

The proposed plaintiffs' class is defined as

". . . all persons who are, who have been, or who will be illegally detained by the Police Department of the City of Philadelphia between arrest and preliminary arraignment, and who are denied a prompt preliminary arraignment by defendants."

Among the defendants, plaintiffs propose to include a class consisting of the 22 judges of the Philadelphia Municipal Court, represented by the President Judge of that Court.

## I. *The Plaintiff Class*

This case brings into sharp focus the relationship between class actions under Rule 23(b)(2), and class actions under Rule 23(b)(3). The provisions of Rule 23(b)(2) are designed to cover cases in which the primary concern is the grant of injunctive or declaratory relief. In such cases, there is no requirement that notice be given to all of the class members, and there is no opportunity for putative class members to "opt out." Moreover, the precise definition of the class is relatively unimportant. If relief is granted to the plaintiff class, the defendants are legally obligated to comply, and it is usually unnecessary to define with precision the persons entitled to enforce compliance, since presumably at least the representative plaintiffs would be available to seek, and interested in obtaining, follow-up relief if necessary.

In a (b)(3) action, on the other hand, because of the notice and "opt out" features, greater precision in class definition is required. Moreover, most such actions involve claims for damages, and it is usually necessary, at some point, to identify individual members of the class.

In the present case, plaintiffs argue that the primary thrust of their action is for injunctive and declaratory relief, and that the case should therefore be permitted to proceed as a (b)(2) class action. Plaintiffs appear to concede that their proposed definition of the class would be unsatisfactory for a

(b)(3) action. However, plaintiffs also are seeking damages, contending that this is merely incidental to the basic purpose of the action; and it is this feature which causes difficulties.

■ Defining a class as consisting of all persons who have been or will be affected by the conduct charged to the defendants is entirely appropriate where only injunctive or declaratory relief is sought. Indeed, the principal beneficiaries of an injunctive decree would seem likely to be those class members whose rights have not yet been violated. But the proposed class definition is clearly unsatisfactory where damage claims are asserted. Persons whose rights have not yet been violated cannot very well obtain damages. Moreover, the definition is too broad, since it purports to include all persons whose rights have ever been violated in the past, in the respects complained of. If for no other reason than the statute of limitations, this definition would be unacceptable.

Rule 23(c)(4) provides, of course, that the Court may permit an action to be maintained as a class action as to certain issues, and not as to other issues. But this principle is easier to state than to apply. With regard to injunctive relief, the class should probably be defined to include those persons whose rights are being, or will in the future be, violated in the respects complained of. With regard to damages, the class should probably be limited to those persons whose rights have been violated in the past, and whose claims are not barred by limitations (presumably, violations which have occurred within the past two years). I recognize that this is not an insuperable problem, since the plaintiffs claiming damages could be treated as a separate class, or as a subclass.

■ The real issue, in my view, is whether this is the kind of case in which claims for damages are appropriate for class action treatment. It is quite true,

as plaintiffs point out in their brief, that damages may be awarded as ancillary or incidental relief in a (b)(2) class action for injunctive or declaratory relief. But the cases in which this has been permitted appear to be cases in which the award of damages flows automatically from the grant of injunctive or declaratory relief, and in which the damages are subject to ready calculation on the basis of a formula or principles uniformly applicable to the class. Samuel v. University of Pittsburgh, 56 F.R. D. 435 (W.D.Pa.1972) involved refunds of tuition differentials; Rodriguez v. Swank, 318 F.Supp. 289 (N.D.Ill.1970), aff'd, 403 U.S. 901, 91 S.Ct. 2202, 29 L. Ed.2d 677 (1971) involved welfare payments; and Moody v. Albemarle Paper Company, 474 F.2d 134 (4th Cir. 1973) involved back-pay awards.

In the present case, not only would the calculation of the amount of damages depend upon the individual facts of each claimant's case, but virtually all of the issues would have to be litigated individually in order to determine whether a particular alleged class member was entitled to any damages at all. Each claimant, in order to obtain the benefits of the class suit, would have to establish his membership in the class (*i. e.*, that his rights were violated).

Of perhaps greater significance, the issues involved in determining whether the plaintiff class is entitled to injunctive or declaratory relief are simply not the same issues involved in determining whether individual members of the class may be entitled to damages. There could be many reasons for denying injunctive or declaratory relief which ought not to have the effect of precluding particular class members from obtaining damages.

The situation is further complicated by the fact that many of the defendants are presumably immune from damage claims. In addition, it appears probable that, depending upon the particular circumstances of each individual class

member, the identity of the defendant or defendants against whom liability for damages could be asserted would vary, in any event.

In short, it is difficult to perceive any advantage to the plaintiffs in maintaining this action as a class action on damage issues (*i. e.*, issues establishing liability for, as well as the amount of, damages). If, as plaintiffs contend, the principal aim of the lawsuit is to obtain injunctive and declaratory relief, the case is primarily directed toward obtaining prompt preliminary arraignments in the future. The ancillary award of damages in particular cases can best be achieved by liberal grant of applications to intervene on an individual basis, rather than by designating the litigation as a class action for that purpose.

Plaintiffs appear to concede the impracticability of giving notice to the proposed class. And, as mentioned above, there is no right to opt out in a (b)(2) action. I find particularly troublesome the notion that individuals who may never learn of the pendency of this case might encounter difficulty in pursuing meritorious individual litigation in the future, on the basis of *lis pendens, res judicata*, or collateral estoppel. In short, I believe this is the kind of case in which notice should be required before permitting a class action for damages, even incidentally. Since notice is not feasible, class action treatment on issues of liability for damages should not be permitted.

 In conformity with the views expressed above, this action will be permitted to proceed as a class action under Rule 23(b)(2), but only as to issues relating to injunctive and declaratory relief. The plaintiff class will be defined as

". . . all persons who, within two years last past, have been, or who are being, or who will in the future be illegally detained by the Police Department of the City of Philadelphia by reason of unreasonable or otherwise unlawful delay of their preliminary arraignment."

## II. *The Defendant Class*

In addition to the City of Philadelphia, its Police Commissioner and District Attorney, plaintiffs seek to include as defendants in this case a class consisting of the 22 judges of the Municipal Court of Philadelphia, represented by the President Judge of that Court. No objection has been interposed on behalf of the proposed class or any of its members, but this does not relieve this Court of the obligation of assessing the merits of plaintiffs' motion for class determination.

There are only 22 members of the proposed class, and it thus seems doubtful that the class could properly be characterized as so numerous as to render individual joinder impracticable. On the other hand, if all of the 22 members of the proposed class have a common interest in this litigation, and if their presence as parties were required, a strong argument can be made that no useful purpose would be served in multiplying docket entries and other paperwork by insisting upon individual participation.

It seems highly probable that all of the putative class members are immune from damage claims in this action. It is far from clear whether, with respect to possible injunctive or declaratory relief, plaintiffs are asserting grounds common to the entire class, or merely to certain members of the class. To the extent that there may be predominant common issues, it would seem that, as a practical matter, the grant of relief as against the President Judge of the Court, in that capacity, would have the same effect as the grant of relief against the class, represented by the President Judge. Moreover, the District Attorney's answer in this case refers to pending litigation in the state courts which apparently involves many of the same issues sought to be asserted here; it may well be that,

at least as to this class of defendants, abstention would be appropriate.

Because of all of these uncertainties, I decline for the present to approve the maintenance of this action as a class action, insofar as the proposed class of defendants is concerned.