Florence McLAUGHLIN and Ida (Mrs. Artie) Brown, on their own behalf, on behalf of their (unemancipated) (minor) children, and on behalf of all others similarly situated

v.

Helene WOHLGEMUTH, Individually and in her capacity as Secretary of the Department of Public Welfare of Pennsylvania et al., Appellants.

No. 75–2027.

United States Court of Appeals,
Third Circuit.

Argued March 11, 1976.

Decided May 24, 1976.

Axel A. Shield, II, Asst. Atty. Gen., Commonwealth of Pa., Dept. of Justice, Howard M. Holmes, Asst. Atty. Gen., Asst. Chief Civil Litigation, Eastern Regional Office, Michael von Moschzisker, Deputy Atty. Gen., Eastern Regional Director, Robert P. Kane, Atty. Gen., Philadelphia, Pa., for appellants.

James G. Gavin, Steven A. Hyman, and Jonathan M. Stein, Community Legal Services, Inc., Philadelphia, Pa., for appellees.

Before VAN DUSEN and WEIS, Circuit Judges, and STERN, District Judge.

OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

■ This appeal challenges a July 25, 1975, district court order[1] declaring that

1. This order provides:
"AND NOW, this 25th day of July, 1975, it is ORDERED:
"1. That §§ 3234.6 and 3234.61 of the Public Assistance Manual of the Pennsylvania Department of Public Assistance are in-

valid to the extent that they establish a conclusive presumption that income of legally responsible relatives is available to dependent children occupying a common dwelling; and

certain Pennsylvania Public Assistance[2] regulations are invalid to the extent that they establish a conclusive presumption that income of legally responsible relatives is available to dependent children occupying a common dwelling and enjoining defendants "from denying or reducing, by reason of income of a legally responsible relative, AFDC benefits which would otherwise be payable to applicants who prove that such presumptively available income is not actually available for their support." We vacate the district court order due to an intervening decision of a Pennsylvania appellate court (see pages 252–253 below) and remand for further proceedings.

Both named plaintiffs and their minor children are eligible for AFDC under § 406 of the Act, 42 U.S.C. § 606, and have received AFDC assistance for several years. This provides federal moneys for children who have "been deprived of parental sup-port or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent." Mr. Brown is disabled by reason of alcoholism (30a). The McLaughlin family receives AFDC by reason of Mr. McLaughlin's polio condition, which prevents him from doing normal work, although he earns some income as a part-time school bus driver. The Brown family receives AFDC by reason of Mr. Brown's continued absence from the home because he is incarcerated. He receives monthly Veterans' Administration checks.

Prior to November 1973, the Commonwealth computed its assistance grants without regard to any other income. At that time, however, it began to conclusively presume the availability of their husbands' income pursuant to P.A. Manual §§ 3234.6 and 3234.61, since the husbands were legally responsible relatives under state law and

"2. That the defendants are enjoined from denying or reducing, by reason of income of a legally responsible relative, AFDC benefits which would otherwise be payable to applicants who prove that such presumptively available income is not actually available for their support."

Defendants also contend that the district court erred in granting plaintiffs-appellees' Motion For A Class Action Determination, see *McLaughlin v. Wohlgemuth*, 398 F.Supp. 269, 273–75 (E.D.Pa.1975), because the class of "all AFDC recipients 'living with a legally responsible relative who receives an income'" is "too broad." However, the district court noted that "narrowing the class might be . . . appropriate," although there was "no compelling reason for taking the proposed action at the time [of the motion]" see *McLaughlin, supra* at 274. The district court stated further, at 274–75 of 398 F.Supp.:

". . . I do feel that defining the class as including all 'public assistance applicants and recipients' may be overly broad. . . If, in the context of the issues raised in this litigation, the defendants can suggest a reason for further narrowing the proposed class, they may move to divide the proposed class into subclasses pursuant to Rule 23(c)(4) of the Federal Rules of Civil Procedure."

We find no abuse of discretion in the district court's determination to defer final decision on the scope of the class until after disposition of this appeal. See *Katz v. Carte Blanche*, 496 F.2d 747 (3d Cir. 1974); *McLaughlin v. Wohlgemuth*, 398 F.Supp. 269 (E.D.Pa.1975).

2. Sections 3234.6 and 3234.61 of the Public Assistance Manual of the Pennsylvania Department of Public Assistance, which provide, *inter alia*, as follows:

"3234.6 *Income from Legally Responsible Relatives Living with the Client* . . .

"The applicant for or recipient of assistance is considered to be living with his spouse, parent or child if he and the relatives occupy a common dwelling unit. If the spouse/parent is not estranged or legally separated from the applicant or recipient and he is residing elsewhere for purposes such as employment, hospitalization, institutionalization or the like, the relative is regarded to be living with the applicant or recipient.

"Under the provisions of this section the amount of income available to the applicant or recipient is determined under the appropriate method described below."

"3234.61 *Spouse and Parent of Minor Child*

"The income considered available to the dependent(s) applying for or receiving assistance is arrived at by deducting from the income of the spouse/parent, allowances for his living expenses. Use the method described below which is applicable to the situations.

"b. For spouse/parent absent because of employment, hospitalization, institutionalization and the like; deduct the actual reasonable expenses living away from home from the net income determined by regulations in 3234."

were occupying a common dwelling.[3] Although incarcerated, Mr. Brown was found to be "occupying a common dwelling" because he kept his clothes and other personal belongings at the assistance unit and had not shown an indication of having definitely abandoned his family. Mr. McLaughlin continues to live with his family. Accordingly, Mrs. McLaughlin's assistance for herself and her nine children was reduced by $95.40 a month, while Mrs. Brown's assistance for herself and her three minor children was reduced by $101.00 per month. This was done despite the uncontroverted evidence in both cases that the husbands refused to use any of their money to support their wives and children and made no financial contributions to their wives and children. The Hearing Examiner at Mrs. McLaughlin's administrative agency hearing made a specific finding that her husband refused to give any of his money to the family and found that none of his money was in fact available to the family (28a). Further factual background and legal conclusions of the district court in this case are set forth in the district court opinion, *McLaughlin v. Wohlgemuth*, 398 F.Supp. 269 (E.D.Pa.1975), and need not be repeated here.

In that opinion the court said (398 F.Supp. at 276):

"... §§ 3234.6 and 3234.61 provide for a conclusive presumption that the income of a legally responsible relative is available to dependents living in the same assistance unit. The legally responsible relative is considered to be living with the AFDC applicant 'if he and the relative occupy a common dwelling,' even if that relative is residing elsewhere for purposes such as employment, hospitalization, or institutionalization."

Since the district court's decision of July 25, 1975, a Pennsylvania appellate court has interpreted the subject Pennsylvania regulations as not creating a conclusive presumption. See *Bowen v. Commonwealth Dept. of Public Welfare*, 21 Pa. Cmwlth. 144, 343 A.2d 690, 694 (1975), where the court said:

"It cannot be doubted that the departmental regulation in effect here does create a presumption that income of legally responsible relatives is available to the welfare recipient. The presumption, however, does not foreclose individualized determination and is not irrebuttable. Under Section 3237.33 of the Pa. Manual the income presumed available under Section 3237.322 may be waived when it appears unsound, unreasonable, or impracticable to expect the legally responsible relative to contribute such income to the support of their child. Interpreting this section within constitutional principles, we read this waiver provision so as to afford the affected individuals an opportunity to contradict the presumption and to seek exception from the rule. Should the department fail to waive the presumption in capricious disregard of competent evidence, such action would, of course, be reviewable by this Court as an abuse of discretion."

See also *Wohlgemuth v. Soto*, 21 Pa. Cmwlth. 532, 346 A.2d 841 (1975).

The opinion in *Bowen*, handed down September 3, 1975, makes clear that the Pennsylvania regulations are to be interpreted consistently with the Social Security Act of 1935, as amended, 42 U.S.C. § 601 *et seq.*, and the federal regulations relied on by the district court in its opinion. See *McLaughlin, supra* at 275–79 of 398 F.Supp.

The most pertinent federal regulation, effective June 17, 1975 (40 Fed.Reg. 12507–08), was published on March 19, 1975, and provides as follows:

"45 C.F.R. 233.20

"(a) Requirements for State Plans. A State Plan ... must, as specified below:

. . . . .

"(3) Income and resources; ...

---

**3.** These determinations by Pennsylvania were upheld in Agency Hearing Decisions (28a–29a).

"(ii) Provide that, in determining need and the amount of the assistance payment, . . .

. . . . .

"(D) net income available for current use and currently available resources shall be considered; income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance; . . ."

On July 24, 1975 (40 Fed.Reg. 30963), the Secretary of HEW published an amplification to the above March 19, 1975, regulation, stating:

"On March 19, 1975 (40 FR 12507), Chapter II, Title 45 of the Code of Federal Regulations, was amended after full consideration of comments received after notice of proposed rulemaking was published on July 9, 1973 (38 FR 18251), on the amount and nature of resources which may be retained by a recipient of public assistance. After further consideration the Department has concluded that it should amplify the preamble to the regulation so as (1) to specify the basis and purpose of the regulation and (2) to respond more fully to the public comments received.

. . . . .

"6. Changes in the definitions of 'currently available' income and resources are contrary to federal court decisions affirmed by the U.S. Supreme Court and are unnecessarily punitive and open to subjective interpretation.

"Response: The comments raised a valid criticism with respect to the interpretation of the phrase 'currently available'. The language of the regulation was clarified so that the reference regarding consideration of a legal interest in income or resources is a reference to a liquidated sum and not to an uncollected judgment such as a child support order which has not been paid. The regulations were revised to recognize the distinction which exists between that which is actually available and those resources which exist only in the form of unliquidated legal causes of action."

See also *National Welfare Rights Organization, et al. v. Mathews*, 533 F.2d 637 at 647 (D.C.Cir.1976).

Since the decision in *Bowen, supra*, and the July 24, 1975, amplification of the federal regulation cited above were not available to the district court when it prepared its opinion and order, we vacate the district court order and remand for further proceedings consistent with this opinion.