Davrine SHANGREAUX, Appellant,

v.

Dr. Orville WESTBY, Secretary, Department of Social Services, State of South Dakota, in his official capacity and his Agents, Assigns and Successors in Office, Respondent.

No. 12523.

Supreme Court of South Dakota.

Argued April 20, 1979.

Decided July 18, 1979.

Yvette M. Hall War Bonnet, South Dakota Legal Services, Batesland, with Rebecca Janowitz and Anita M. Remerowski, South Dakota Legal Services, Mission, on the brief, for appellant.

Janice C. Godtland, Asst. Atty. Gen., Pierre, for respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

HENDERSON, Justice.

## PARTIES

The parties involved in this action are Davrine Shangreaux (Shangreaux) and Dr. Orville Westby, Secretary, Department of Social Services, State of South Dakota (State).

## ACTION

This is an appeal from an order denying Shangreaux's motion for certification as a class action and dismissing her complaint. We affirm.

## FACTS

Aid to Families with Dependent Children (AFDC) is Shangreaux's sole source of income. In January 1978, she failed to receive her $250 warrant for that month. On January 13 she was advised that because her check had been lost or stolen a duplicate warrant would be issued sixty days from the date of the original warrant. Her original warrant was dated January 3, 1978. She sought emergency assistance from the Bureau of Indian Affairs; she received a fifteen dollar purchase order for food. Fearing eviction for failure to pay her rent, she sought legal advice.

This action was filed February 23, 1978. Shangreaux alleged that the sixty day delay in issuing AFDC duplicate warrants required by ARSD 3:05:07:01, promulgated by the State Auditor, violated federal and state constitutional provisions and the Social Security Act. ARSD 3:05:07:01 provides:

> Before duplicate warrants shall be issued for warrants lost or destroyed, a stop payment shall be requested by the employee or agency and the duplicate warrants shall be issued under all of the following conditions:
>
> (1) A stop payment shall be requested by the employee or agency;
>
> (2) A payroll warrant shall be issued no sooner than ten days after the date of issuance and after the affidavit for duplicate has been filed with the state auditor;

(3) Warrants other than payroll warrants shall be issued no sooner than sixty days after issuance.

After Shangreaux received her duplicate warrant, there was a hearing on the motion for certification as a class action. The motion was denied and the complaint dismissed as moot.

## ISSUES

1. Was the granting of the motion to dismiss proper because of the failure to join the State Auditor? We hold that it was not.

2. Did the trial court abuse its discretion by denying Shangreaux's motion for certification as a class action? We hold that it did not.

## DECISION

The threshold question before us is whether the granting of the motion to dismiss because of the failure to join the State Auditor was proper.

In challenging the constitutionality of this administrative rule, Shangreaux chose to sue the Department of Social Services. Although this department is involved with the administration of AFDC, it has no authority to alter a rule promulgated by the State Auditor.

■■ Despite this, the failure to join the State Auditor was not fatal to appellant's case and it was error to dismiss on this basis. The State's motion to dismiss for nonjoinder of the State Auditor brought SDCL 15–6–19(a) into play. It is apparent that the State Auditor fits the description of SDCL 15–6–19(a)(2)(i), making him a needed party for a just adjudication. At this point the trial court must ascertain whether the auditor is subject to service of process and venue and whether his joinder will deprive the court of subject matter jurisdiction. 7 Wright & Miller, Federal Practice and Procedure: Civil § 1611. In this case, joinder was feasible. The statute directs the court to order joinder; the language is mandatory and the court has no discretion. SDCL 15–6–19(a)(2); 7 Wright & Miller, Federal Practice and Procedure:

Civil § 1611; 3A Moore's Federal Practice § 19.07–1[3]. See also, *Bottum v. Herr*, 83 S.D. 542, 162 N.W.2d 880 (1968). It is only when the joinder of a party is not feasible that the court must "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." SDCL 15–6–19(b). In a nugget, the trial court should have joined the State Auditor but did not do so. This was error but it does not require reversal of this case. The trial court was obligated to order joinder in this instance even though the appellant never moved for joinder of the State Auditor.

■■ Shangreaux received her duplicate warrant after the suit was commenced but before a hearing on whether the class should be certified. Class action and conditional class action status relieve cries of mootness because of the principles enunciated in *Kremens v. Bartley*, 431 U.S. 119, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977); *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977); *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Indianapolis School Comm'rs v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975). Shangreaux's claim, however, is governed by general mootness principles because she failed to meet the prerequisites of SDCL 15–6–23(a). Consequently, receipt of the duplicate warrant made her action moot.

In order to obtain a certification of class action pursuant to SDCL 15–6–23(c)(1), the representative of the class must show pursuant to SDCL 15–6–23(a) that:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

In addition, the representative must meet one prerequisite in SDCL 15–6–23(b). Because Shangreaux failed to structure her case within SDCL 15–6–23(a), we need not consider SDCL 15–6–23(b).

■ Basic to SDCL 15–6–23(a) is the fact that there must be a class and the representative must be a member of that class. Shangreaux defined her class as "all AFDC recipients residing in the State of South Dakota," and indicated that 21,632 AFDC recipients in South Dakota were members.

■ While Shangreaux is a member of this class, the class is not sufficient under SDCL 15–6–23(a). It is far too encompassing and overbroad. Those people affected by ARSD 3:05:07:01 are those recipients who have, for some reason, not received their warrants. SDCL 15–6–23(a)(1) requires that there be at least some evidence of the number of class members; SDCL 15–6–23(a)(3) requires that the class representative demonstrate that there are other members of the class with similar grievances. See 3B Moore's Federal Practice § 23.05[3]; *Wright v. Stone Container Corp.*, 524 F.2d 1058 (8th Cir. 1975). Shangreaux failed to identify even one person, other than herself, who had not received an AFDC check. A class cannot consist of phantom claimants. Without even a minimal showing to this effect, Shangreaux could not meet the prerequisites of SDCL 15–6–23(a).

■ Shangreaux urges that certification should have been granted conditionally under SDCL 15–6–23(c)(1) * in order to allow her to obtain statistical data showing a supposed number of duplicate warrants issued. We are aware that SDCL 15–6–23(c)(1) leaves to the discretion of the trial court the time in which to make its determination on whether the class action is to be maintained. Consequently, the timing

of the decision will affect discovery, summary judgment and trial strategies. See 3B Moore's Federal Practice § 23.50. If, however, the trial court applied the criteria of SDCL 15–6–23(a) and (b) to the facts of the case in determining whether the action may be maintained as a class action, its determination must be accorded great respect. *Wright v. Stone Container Corp.*, supra. 3B Moore's Federal Practice § 23.74 cautions "[i]n some instances it may be desirable to permit relevant discovery before deciding whether to allow a class action, particularly when the party opposing the class action is more likely to have access to information relating to the size and nature of the alleged class." We see no need to apply it here because of the lack of even a minimal showing of a class per SDCL 15–6–23(a)(1) and (3). In addition, she failed to use any discovery procedures under our discovery statutes, which are available upon motion to the court and which permit discovery before a responsive pleading is filed. See SDCL 15–6–26 through SDCL 15–6–37. We hold that under the facts presented in this case, the trial court did not err in denying appellant's motion to certify the class action.

The judgment is affirmed.

DUNN and FOSHEIM, JJ., concur.

WOLLMAN, C. J., and MORGAN, J., concur in part and dissent in part.

WOLLMAN, Chief Justice (concurring in part, dissenting in part).

I agree with the majority opinion that the failure to join the State Auditor as a party was not fatal to appellant's case.

I join in Justice Morgan's analysis and proposed disposition of the class action issue, except that I would not at this time offer any opinion regarding the merits of the sixty-day rule.

* SDCL 15–6–23(c)(1) says:

As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. . An order under this section may be conditional, and may be altered or amended before the decision on the merits. (emphasis supplied)

MORGAN, Justice (concurring in part, dissenting in part).

While I concur with the disposition of the first issue as to failure to join, I specifically dissent from the disposition of the second issue.

The majority blithely disregards SDCL 15–6–23(b) in determining that Shangreaux failed to structure her case within SDCL 15–6–23(a) because the class claimed is far too encompassing and overbroad. SDCL 15–6–23(b) must be looked to *first* to determine what limitations are applicable to define the class. Under SDCL 15–6–23(b)(2), where injunctive or declaratory relief is sought, there. is no necessity to define the class within the same narrow limitations as would be appropriate under SDCL 15–6–23(b)(3) which requires notice to members of the class. The purpose of this lawsuit is not to seek damages or ·personal redress, but rather to challenge the constitutionality of an administrative rule and to obtain declaratory and injunctive relief under Rule 23(b)(2).

In reality, the class includes the ADC recipients from month-to-month whose warrants are lost in the U.S. mails, stolen or misplaced. This would constitute an average percentage of the 21,000 plus recipients. While the 21,000 plus are all potential plaintiffs, only those who are presently awaiting reissue or *those who will in the future* be required to await reissue would constitute the class. I see no difficulty in defining a class in this manner. As stated in *Rice v. City of Philadelphia,* 66 F.R.D. 17 (E.D.Pa. 1974):

> Defining a class as consisting of all persons who have been or will be affected by the conduct charged to the defendants is entirely appropriate where only injunctive or declaratory relief is sought. Indeed, the principal beneficiaries of an injunctive decree would seem likely to be those class members whose rights have not yet been violated.

66 F.R.D. at 20.

As for the remaining qualifications, it is clear that the questions of law and fact are common to the class. Also, the named plaintiff's claim is typical of the class and, moreover, because of the fact that, as a continuing AFDC recipient, plaintiff's interest in the outcome of the lawsuit is likewise continuing, it can be assumed that she will prosecute the claim in the best interest of the class.

The determination of the size of the class is a mathematical calculation based on information solely within the knowledge of the defendant department or the defendant state auditor or both. I would reverse and remand to the trial court with directions to certify the class conditionally and set a reasonable timetable for plaintiff to ascertain the information necessary to delineate the class. In a similar ruling, the United States District Court in Pennsylvania stated:

> I do feel that defining the class as including all "public assistance applicants and recipients" may be overly broad. . . . If, in the context of the issues raised in this litigation, the defendants can suggest a reason for further narrowing the proposed class, they may move to divide the proposed class into subclasses pursuant to Rule 23(c)(4) of the Federal Rules of Civil Procedure.

*McLaughlin v. Wohlgemuth,* 398 F.Supp. 269, 274–75 (E.D.Pa.1975). The Third Circuit Court of Appeals affirmed this action stating: "We find no abuse of discretion in the district court's determination to defer final decision on the scope of the class until after disposition of this appeal." *McLaughlin v. Wohlgemuth,* 535 F.2d 251, n.1 at 251–252 (3rd Cir. 1976).

The alternative is for this court to consider that the exceptions to the mootness issue are here present, as we have in other cases. In that vein, it appears to me that the issue raised by the plaintiff is of public importance, i. e., it involves a public right affecting a substantial portion of the citizenry, which is reasonably capable of future repetition but will not be subject to direct appellate review; that the issue requires an authoritative determination for the future guidance of public officers; that the petitioner has a collateral interest of sufficient importance

that it will adequately represent the public interest although the underlying controversy had ended[.]*

The people involved in this case are obviously in dire financial straits or they would not qualify for AFDC. For the system to require that they have to wait sixty days for reissuance of their warrant when state employees only have to wait ten days for the reissuance of their pay warrants is hypocritical. I think that the case is justiciable under either alternative, but I would prefer to consider it as a class action rather than open any doors on the mootness exception.

* Order granting writ of quo warranto in *Rapid City Journal v. Tice # 12353.*