No. 74–903. DYKE *v.* GEORGIA. Sup. Ct. Ga. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any state or federal ban on, or regulation of, obscenity is prohibited by the Constitution, *Roth* v. *United States,* 354 U. S. 476, 508–514 (1957) (DOUGLAS, J., dissenting); *Miller* v. *California,* 413 U. S. 15, 42–47 (1973) (DOUGLAS, J., dissenting); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70–73 (1973) (DOUGLAS, J., dissenting), would grant certiorari and summarily reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted in the Criminal Court of Fulton County, Ga., of exhibiting an allegedly obscene film in violation of Ga. Code Ann. § 26–2101 (1972), which provides in pertinent part as follows:

> "(a) A person commits the offense of distributing obscene materials when he . . . exhibits or otherwise disseminates to any person any obscene material of any description, knowing the obscene nature thereof . . . ."

"Obscene" is defined in § 26–2101 (b), which provides in pertinent part:

> "(b) Material is obscene if considered as a whole, applying community standards, its predominant appeal is to prurient interest, that is, a shameful or morbid interest in nudity, sex or excretion, and ut-

terly without redeeming social value and if, in addition, it goes substantially beyond customary limits of candor in describing or representing such matters."

The Supreme Court of Georgia affirmed.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, the definition of "obscene" contained in § 26-2101 is unconstitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgment of the Supreme Court of Georgia was rendered after *Miller,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Finally, it does not appear that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioner must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his conviction has ultimately come to depend. Thus, even on its own terms, the Court should vacate

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

the judgment below and remand for a determination whether petitioner should be afforded a new trial under local community standards.