545 F.2d 1101
 Linda ALCALA, Individually and on behalf of all other
persons similarly situated, Appellant (Cross-Appellee),
v.
Kevin J. BURNS, Individually and in his capacity as Acting
Commissioner of the State of Iowa Department of Social
Services, and Michael Ryan, Individually and in his capacity
as Director of the Scott County Department of Social
Services, Appellees (Cross-Appellants).
Jane DOE and Joan ROE, Appellants (Cross-Appellees),
v.
Kevin J. BURNS, Individually and in his capacity as Acting
Commissioner of the State of Iowa Department of Social
Services, and Michael Ryan, Individually and in his capacity
as Director of the Scott County Department of Social
Services, Appellees (Cross-Appellants).
 Nos. 76-1357, 76-1479.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 8, 1976.
Decided Nov. 5, 1976.
Rehearing Denied Dec. 1, 1976.
 
 Michael W. Liebbe, Davenport, Iowa, for appellant; Robert Bartels and Barry Matsumoto, College of Law, University of Iowa, Iowa City, Iowa, on brief.
 Richard C. Turner, Atty. Gen., State of Iowa, Des Moines, Iowa, for appellees; Lorna Lawhead Williams, Special Asst. Atty. Gen., Des Moines, Iowa, on brief.
 Before GIBSON, Chief Judge, LAY and STEPHENSON, Circuit Judges.
 GIBSON, Chief Judge.
 
 
 1
 Hopefully, this case should be the concluding chapter in this long and tortuous litigation. On April 4, 1973, plaintiff Alcala, who was then childless but pregnant, filed an action under 42 U.S.C. § 1983 (1970) on her behalf and on behalf of all others similarly situated against defendants, state and county officials of Iowa who had denied her Aid to Families with Dependent Children (A.F.D.C.) benefits under 42 U.S.C. § 606(a) (1970) and Iowa Code § 239.1(3) (1975). She sought declaratory and injunctive relief on statutory and constitutional grounds against defendants' policy of excluding needy pregnant women from eligibility for A.F.D.C. cash benefits solely because their children were not yet born. On May 16, 1973, a similar suit was filed by Jane Doe and Joan Roe and the two actions were consolidated. The District Court certified a class under Fed.R.Civ.P. 23 and granted relief to plaintiffs on statutory grounds, holding that "dependent child" as used in 42 U.S.C. § 606(a) included an unborn child for purposes of determining A.F.D.C. eligibility. Alcala v. Burns, 362 F.Supp. 180 (S.D.Iowa 1973). This court affirmed at 494 F.2d 743 (8th Cir. 1974). The Supreme Court granted certiorari and reversed, holding that "the statutory term 'dependent child' does not include unborn children", and remanded for consideration of the constitutional issues involved. Burns v. Alcala, 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975). This court remanded to the District Court. Alcala v. Burns, 514 F.2d 1002 (8th Cir. 1975).
 
 
 2
 Following remand to the District Court, defendants moved for summary judgment. Plaintiffs amended their complaints to withdraw their requests for injunctive relief, thus obviating any need for a three-judge court. Plaintiffs subsequently opposed defendants' motion for summary judgment and filed their own cross-motion for summary judgment. On March 8, 1976, the District Court[1] granted defendants' motion for summary judgment. Alcala v. Burns, 410 F.Supp. 1024 (S.D.Iowa 1976). Plaintiffs appealed. Defendants filed a cross-appeal on the ground that the District Court had erred in holding that plaintiffs had standing to sue.
 
 
 3
 It is appropriate first to address defendants' cross-appellate contention. Defendants argue that plaintiffs lack standing to bring this suit. They contend that since unborn children are not "dependent children" under the statute, Burns v. Alcala, supra 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 and are not recognized as "persons" in the law, Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), their mothers-to-be lack standing to assert the fetus' rights. This argument misconstrues the purpose of the A.F.D.C. program, however, which is intended to benefit entire families, including persons caring for dependent children. See Burns v. Alcala, supra420 U.S. at 581, 95 S.Ct. at 1180. Plaintiffs here assert their own direct entitlement to benefits under the statute, not the rights of their unborn children. Accordingly, we agree with the District Court that plaintiffs have sufficient personal stake in this lawsuit to assert their constitutional claims.
 
 
 4
 Pregnant women in Iowa who already have at least one child and who otherwise qualify financially for A.F.D.C. cash benefits are eligible for A.F.D.C. benefits. Pregnant women who have no children but who otherwise qualify financially for A.F.D.C. cash benefits are not eligible to receive these benefits. Plaintiffs contend that this disparate eligibility, which results from the exclusion of unborn children from the definition of "dependent children" under 42 U.S.C. § 606(a) and Iowa Code § 239.1(3), denies them equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution. The crux of this contention lies in plaintiffs' assertion that because the denial of A.F.D.C. benefits infringes upon a "fundamental right", the state must show that its policy is necessary to a compelling state interest. Plaintiffs argue that their fundamental rights to procreation under Skinner v. Oklahoma, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942), and to privacy under Planned Parenthood of Central Missouri v. Danforth, 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976), and Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), have been infringed. The mere fact that a particular plaintiff is pregnant does not suffice to automatically place the fundamental rights of privacy and procreation at issue. Plaintiffs have failed to show how these rights, as defined in the cases they cite, are in fact involved here at all, or assuming that they are, how a denial of A.F.D.C. cash benefits acts to infringe them. We agree with the District Court's characterization of these arguments as "marginal and indirect at best." The fundamental rights of privacy and procreation are not at issue here.[2]
 
 
 5
 In the absence of a fundamental right, traditional equal protection analysis requires that the state establish that the challenged classification is reasonable, non-arbitrary and rationally related to some legitimate governmental interest. San Antonio School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); Prostrollo v. University of South Dakota, 507 F.2d 775 (8th Cir. 1974), cert. denied, 421 U.S. 952, 95 S.Ct. 1687, 44 L.Ed.2d 106 (1975). The policy objectives of the A.F.D.C. program are to encourage the care of dependent children in their own homes or the homes of relatives. 42 U.S.C. § 601 (1970). The denial of benefits to pregnant women without children relates with utter rationality to this objective, which concerns the maintenance of families with dependent children, not single women. The District Court found, furthermore, that Iowa had chosen to supply welfare benefits to pregnant women under programs other than A.F.D.C.[3] Clearly, this choice was rational and permissible, for
 
 
 6
 (I)n the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. * * * (T)he Equal Protection Clause does not require that a State must choose between attacking every aspect of a problem or not attacking the problem at all. It is enough that the State's action be rationally based and free from invidious discrimination. (Citations omitted.)
 
 
 7
 Dandridge v. Williams, supra, 397 U.S. at 485-87, 90 S.Ct. at 1161-1162.
 
 
 8
 Thus, we agree with the District Court that the challenged classification, which denied A.F.D.C. eligibility to plaintiffs, was not violative of the Equal Protection Clause of the Fourteenth Amendment.
 
 
 9
 Plaintiffs also claim a denial of equal protection in their ineligibility for medical assistance under Title XIX of the Social Security Act, 42 U.S.C. § 1396a(a)(10)(A) (1970), which requires that a state plan for medical assistance make assistance available to persons receiving A.F.D.C. cash benefits.[4] Under the facts here, defendants had no duty under Title XIX to grant medical assistance to plaintiffs, who were ineligible for A.F.D.C. cash benefits under Iowa law. The fact that eligibility for medical assistance under Title XIX is integrally related to eligibility for other welfare benefits under state or federal law does not render the statute violative of equal protection. The Iowa provision controlling eligibility of pregnant women for A.F.D.C. cash benefits is not violative of equal protection. Welfare benefits are not available as a fundamental right. Lavine v. Milne, 424 U.S. 577, 96 S.Ct. 1010, 47 L.Ed.2d 249 (1976). Therefore, the denial of medical assistance under Title XIX, which flows directly from ineligibility for A.F.D.C. cash benefits under Iowa law, does not deprive plaintiffs of their rights to equal protection of the law.
 
 
 10
 Plaintiffs further contend that the denial of A.F.D.C. cash benefits and associated medical assistance violated the Due Process Clause of the Fourteenth Amendment. This contention is based upon the purported existence of a "conclusive" and invalid presumption that pregnant women without children are less needy than pregnant women with children. No such presumption, either conclusive or rebuttable, is contained in the Iowa act or 42 U.S.C. § 606(a). This alleged "presumption" consists simply of a guess on plaintiffs' part as to the state's reason for denying benefits to pregnant women without children. In social welfare areas, a classification need not be perfect. Given a "reasonable basis", i. e. support of the family, the classification does not offend because it is not made with mathematical precision "or because in practice it results in some inequity". Dandridge v. Williams, supra, 397 U.S. at 485, 90 S.Ct. at 1161, citing Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911).
 
 
 11
 Nevertheless, viewing the issue as posited by plaintiffs, we agree with the District Court that Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), is dispositive of this claim. The Court in Salfi upheld the validity of a statutory classification under the Social Security Act which was based upon an "irrebuttable presumption" that marriages which did not precede a wage earner's death by at least nine months were entered into for the purpose of securing Social Security benefits. Salfi was distinguished from previous decisions invalidating conclusive presumptions. The Court held that in social welfare eligibility cases, the proper constitutional analysis of conclusive presumptions is that used traditionally under equal protection. As previously discussed, plaintiffs here have shown no violation of equal protection under the traditional analysis. Therefore, we agree with the District Court that the Iowa provision challenged here was not predicated upon a constitutionally invalid presumption.
 
 
 12
 Plaintiffs finally argue that the District Court erred in granting defendants' motion for summary judgment. They contend that the District Court had no basis for granting summary judgment, because in their motion for summary judgment defendants referred only generally to the availability of alternative assistance for plaintiffs, without specifying what particular statutes furnished this assistance. The generality of this reference did not render defendants' motion inadequate under Fed.R.Civ.P. 56 or deprive the District Court of an adequate basis for its decision. Moreover, the order wherein defendants' motion for summary judgment was granted shows that the District Court properly took judicial notice of the particular Iowa statutes providing alternative assistance. Lamar v. Micou, 114 U.S. 218, 5 S.Ct. 857, 29 L.Ed. 94 (1885).
 
 
 13
 Under Fed.R.Civ.P. 56, summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Clearly, plaintiffs deemed this case appropriate for summary judgment, prior to the District Court's grant of defendants' motion, for they filed a cross-motion for summary judgment. A review of the record shows that there was no genuine issue of material fact. The trial court correctly applied the substantive law and summary judgment was, accordingly, properly granted.
 
 
 14
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable William C. Hanson, Chief Judge, United States District Court for the Southern District of Iowa
 
 
 [2]
 Plaintiffs do not argue that the fundamental right involved is a right to A.F.D.C. benefits. Clearly, under Burns v. Alcala, supra 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 there is no statutory right to these benefits. Moreover, under the authority of Supreme Court cases dealing with similar types of benefit programs, there is no constitutional right to the benefits sought here. See Lavine v. Milne, 424 U.S. 577, 96 S.Ct. 1010, 47 L.Ed.2d 249 (1976); Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970)
 
 
 [3]
 Iowa Code, ch. 252 (1975) provides food, rent and medical benefits for indigent persons. Iowa Code, ch. 255 (1975) provides medical and surgical treatment for indigent pregnant women
 
 
 [4]
 Defendants argue that this issue is not properly before us on appeal, because plaintiffs failed to raise it in their original complaints and first asserted it only in their cross-motions for summary judgment. The trial court considered plaintiffs' contentions concerning medical assistance in the order granting defendants' motion for summary judgment. Accordingly, we deem this issue properly before us now