Mrs. Joann Bowen, Appellant, *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Appellee.

Argued February 4, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, MENCER, ROGERS and BLATT. Judge WILKINSON, JR. did not participate.

*Mark I. Weinstein*, with him *Louis M. Shucker, Alan Linder*, and *J. Richard Gray*, for appellant.

*Darius G. C. Moss*, Assistant Attorney General, with him *Barry A. Roth*, Assistant Attorney General, and *Marx S. Leopold*, General Counsel, for appellee.

OPINION BY JUDGE BLATT, September 3, 1975:

In this appeal from an adjudication of the Commonwealth of Pennsylvania, Department of Public Welfare (Department) Mrs. Joann Bowen (appellant) challenges the validity of Department regulations which establish that a portion of the income earned by legally responsible parents is presumed available to help meet the needs of their adult daughter who resides in the same dwelling unit.[1] The facts are not in dispute. The appellant, a public

---

1. The Support Law defines legally responsible relatives as "The husband, wife, child, father and mother of *every* indigent person . . ." without any indication as to age limitation. (Emphasis added.) Act of June 24, 1937, P.L. 2045, *as amended*, 62 P. S. §1973. The Manual of the Department of Public Welfare appears to recognize a continuing parental obligation to support emancipated children, Section 3237.32 providing as follows:

"Because the responsibility of a spouse and of a parent of a minor child is seen as greater than that of either the parent for an adult child or the adult child for his parent,

assistance recipient and a married adult under 21 years of age, lives with her one minor child in the home of her parents, Mr. and Mrs. Cardell, and with other family members, in Reading, Pennsylvania.

Prior to March 21, 1974 the appellant received for herself and her child a monthly grant of $220.00 along with medical assistance benefits under the state administered Aid to Families with Dependent Children (AFDC) public assistance program. On March 21, 1974 the Berks County Board of Assistance (Board) pursuant to the regulations now in question, notified the appellant that she would no longer receive medical assistance and that her $73.00 share of the public assistance grant would be terminated as of April 19, 1974. She appealed to the Department which upheld the Board. This appeal followed and we affirm.

Our scope of review of decisions of the Department of Public Welfare relating to the payment of public assistance funds is limited by the Administrative Agency Law to a determination of whether the adjudication was in accordance with law, constitutional rights were violated and whether all necessary findings of fact were supported by substantial evidence. *Earley v. Department of Public Welfare*, 13 Pa. Commonwealth Ct. 17, 317 A.2d 677 (1974). The AFDC program in Pennsylvania is financed in large part through federal grants in aid. The program must therefore be operated in conformity with the Social Security Act of 1935, *as amended*, 42 U.S.C. §601, et seq. and with the regulations promulgated by the Secretary of the United States Department of Health, Education and Welfare pursuant to his authority

---

separate methods of determining financial ability to support have been devised."

Subsections 3237.321 and 3237.322 put the spouse and parent of an unemancipated child in one ability scale and the child or parent of an emancipated minor or adult child in a scale by which Mrs. Bowen's parents' ability was determined.

under 42 U.S.C. §1302. *Townsend v. Swank,* 404 U.S. 282 (1971); *Lewis v. Martin,* 397 U.S. 552 (1970); *Rosado v. Wyman,* 397 U.S. 397 (1970); *King v. Smith,* 392 U.S. 309 (1968).

One of the basic federal requirements for state plans is that the amount of money granted is to be based on the individual needs of the family. Each state, however, is free to establish its own "standard of need," *i.e.,* that amount of money which it feels a family of a particular size requires to survive, and each state may pay that percentage of the unmet need of individual families which it feels it can afford. The Department has set forth certain standards by which this Commonwealth determines need and includes, in part, consideration of income which is otherwise available to the recipient from legally responsible relatives. Pa. Manual Section 3237.322. Section 3237.322 provides generally that legally responsible relatives, here the recipient's parents, can be *expected* to contribute to the income of a recipient, whether or not living with the relative, in an amount calculated by an income scale set forth within the regulation. According to this scale the expected monthly contribution of the recipient's parents was at least $75.00. Regulation Section 3234.6 provides that in cases where the recipient is actually living in the dwelling of his or her legally responsible relatives, the amount of expected contribution is *assumed* to be available to meet the recipient's needs even though no actual cash contribution may be made in fact. Under the regulations, therefore, the income available to the recipient actually exceeded her need, and the Board accordingly terminated her $73.00 per month public assistance benefits along with her right to medical assistance, leaving intact the $147.00 of the grant available to meet the needs of her child. The appellant raises three questions in her challenge to these regulations:

1. Is the departmental regulation which provides that the income of parents is presumed available to

meet the needs of their adult daughter who resides in, the same house prohibited by federal regulation?

2. Does this same departmental regulation deny the appellant due process of the law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution?

3. Does the regulation deny the appellant the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution?

This state regulation, the appellant first argues, violates federal regulations with which the state regulations must conform. *Rasado v. Wyman,* 397 U.S. 397 (1970); *King v. Smith,* 392 U.S. 309 (1968). The issue is whether or not federal regulations permit the states to *assume* that income of parents is available to a recipient living in their household even though it is not actually contributed. The federal regulations require that a state plan for AFDC must:

"(ii) Provide that, in establishing financial eligibility and the amount of the assistance payment:

. . . .

"(c) only such net income as is actually available for current use on a regular basis will be considered, and only currently available resources will be considered...." 45 C.F.R. §233.20(a)(3).

The regulations further provide, however, that:

"(vi).... 'In family groups living together, income of the spouse is considered available for his spouse and income of a parent *is considered* available for children under 21.'" 45 C.F.R. §233.20(a)(3). (Emphasis added.)

As we read these federal regulations the general rule is that either income or other resources from any contributor, whether or not legally responsible, must be available *in fact* in order to permit the state to account for such income or resources as available to meet a recipient's

needs. In the case of "family groups living together" the income of a legally responsible parent *"is considered available"* for children absent proof of actual contributions or actual availability. Such a construction is supported by an additional regulation which provides:

> ". . . In establishing financial eligibility and the amount of the assistance payment, only such net income as is actually available for current use on a regular basis will be considered, and the income only of the parent described in the first sentence of this paragraph [legally responsible relative] will be considered available for children in the household in the absence of proof of actual contributions." 45 C.F.R. §233.90 (a).

In view of such language, it appears incumbent upon the states to assume that the income of a legally responsible relative is available to a recipient living in their home. The basis for such an assumption would appear to lie in the realization that parents providing a dwelling place for their child contribute to the child's support in the form of paying fixed overhead expenses for such items as shelter, food and utilities. These are currently available resources and these items were supplied by the appellant's parents in this case without expense to the appellant herself. Although the assumption of available income based upon this theory was expressly rejected in *Jenkins v. Georges,* 312 F. Supp. 289 (W.D. Pa. 1969) in which the availability of the income from a *substitute*[2] parent was assumed under a state regulation, that case did not involve a legally responsible relative as does this case.

The appellant calls attention to Part IV of the HEW *Handbook of Public Assistance Administration,* which provides interpretative material useful in applying the

---

2. An individual who may assume the role of parent but is in no way legally responsible to the child as a parent.

federal regulation. As we review these guidelines they would appear to affirm the general rule that only income and resources which are in fact available to an applicant can be considered in determining the recipient's need and the amount of payment. We believe, however, that they would not vitiate the exceptional accountability of legally responsible parents who provide a dwelling place for their child. We must conclude, therefore, that the state regulations conform to the federal guidelines.[3] Consequently, we now consider the appellant's double-barreled constitutional attack upon the state regulations.

The appellant alleges that the regulations here violate her right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and her right to the equal protection of the laws under the Fourteenth Amendment of the United States Constitution. The appellant cites numerous cases for the proposition that state laws creating *irrebuttable* presumptions, which operate to deprive an individual of an interest, lack the critical ingredients necessary for due process of the law under the Fourteenth Amendment of the United States Constitution. *Cleveland Board of Education v. La Fleur,* 414 U.S. 632 (1974); *Vlandis v. Kline,* 412 U.S. 441

---

3. In *McLaughlin v. Wohlgemuth,* . . . F. Supp. . . . (No. 74-1692 E.D. Pa., filed July 25, 1975) Judge FULLAM of the United States District Court for the Eastern District of Pennsylvania has recently ruled that Pennsylvania Regulation 3234.6, the same regulation concerned here, did not conform to federal guidelines and was invalid insofar as it would establish a *conclusive* presumption as to the availability of the income of legally responsible relatives to dependent children. As we read the regulation, it does not of itself create such a conclusive presumption, but the Department's procedures clearly apply the regulation as if it did. We reach the issues raised by this application of the regulation later in this opinion and, as our discussion there will reveal, the result reached in the instant decision and the reasoning upon which it is based are consistent with the result reached in Judge FULLAM's decision which obviously was not concerned with constitutional questions.

(1973); *Heiner v. Donnan,* 285 U.S. 312 (1932). In *Stanley v. Illinois,* 405 U.S. 645, (1972) for example, the court struck down the irrebuttable presumption under Illinois law that unmarried fathers were unfit to care for their children.

As stated in *Stanley* at 656-657:

> "Procedure by presumption is always cheaper and easier than individualized determination. But when, as here, the procedure forecloses the determinative issues of competence and care, when it explicitly disdains present realities in deference to past formalities, it needlessly risks running roughshod over the important interests of both parent and child. It therefore cannot stand."

It cannot be doubted that the departmental regulation in effect here does create a presumption that income of legally responsible relatives is available to the welfare recipient. The presumption, however, does not foreclose individualized determination and is not irrebuttable. Under Section 3237.33 of the Pa. Manual the income presumed available under Section 3237.322 may be waived when it appears unsound, unreasonable, or impracticable to expect the legally responsible relative to contribute such income to the support of their child. Interpreting this section within constitutional principles, we read this waiver provision so as to afford the affected individuals an opportunity to contradict the presumption and to seek exception from the rule. Should the department fail to waive the presumption in capricious disregard of competent evidence, such action would, of course, be reviewable by this Court as an abuse of discretion. We find, however, no abuse of discretion in this case. As we stated earlier, income available to a recipient living with a legally responsible relative need not be established by an actual cash flow but may be available as current resources supplied in the form of food, shelter, and utilities as a benefit of living with a legally responsible relative. Such

resources were received here, according to the appellant's own testimony.

The appellant further suggests that this departmental presumption operates to set up two groups of public assistance recipients in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution. These groups are described as (1) recipients living with legally responsible relatives and actually receiving the income that is assumed to be available, and (2) recipients living with legally responsible relatives and not receiving the income assumed to be available. We believe, however, that this is a distinction without a difference. The regulation is designed to ascertain the level of need for individual recipients. Whether the recipient receives income in the form of an actual cash flow from the legally responsible relative as would be the case in the appellant's first group, or whether the recipient receives income in the form of beneficial resources, as would be the case in the appellant's second group, the regulation applies to both groups equally as a means with which to determine the extent to which the recipient's needs are being met. Thus the equal protection argument must fall, for there is but one class of recipient established by these regulations.

In accordance with the foregoing opinion, therefore, we must issue the following

## ORDER

AND Now, this 3rd day of September, 1975, the order of the Department of Public Welfare denying Mrs. Joann Bowen public assistance and medical benefits is hereby affirmed.