Helene Wohlgemuth, Secretary, Department of Public Welfare *v.* Ana Morales Soto, Appellant.

Argued September 11, 1975, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Eugene F. Zenobi,* with him *Alan Linder,* for appellant.

*Darius G. C. Moss,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., November 7, 1975:

This is an appeal from a decision of the Department of Public Welfare (Department) affirming an order of the Berks County Board of Assistance (Board) reducing Ana Morales Soto's (Appellant) Aid to Families with Dependent Children (AFDC) grant. We affirm.

Appellant and her nine year old grandson, Nelson Soto, constitute an assistance unit. Reuben Soto, who is not the father of Nelson, is Appellant's son, lives in the household but is not included in the assistance unit. Reuben is employed, and has a gross monthly income of $425.00.[1]

Appellant has been receiving an AFDC $220.00 monthly grant. On authority of Sections 3234.6 and 3234.63 of the Public Assistance Manual, the Board ordered Appellant's cash grant reduced by $50.00 per month to reflect contributions Reuben, as a Legally Responsible Relative (LRR), Pa. Manual Section 3237.11, can make available from his wages.

At the Departmental hearing, Appellant testified that Reuben lived with her, gave her $12 per week when he was working, and that it was she who provided Board with Reuben's wage information. Department affirmed the Board and this appeal followed.

As we have often said, the scope of review of decisions of the Department, relating to payment of cash grants is limited by the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, 71 P.S. §1710.1 et seq. to a deter-

---

1. County Board computed the gross monthly income by multiplying the gross weekly income $99.00 by a factor of 4.3. This wage information was supplied to the Board by the Appellant in the form of a pay stub.

mination of whether the Department's decision was supported by substantial evidence in accord with the Law, and whether one's constitutional rights were violated, *Bowen v. Department of Public Welfare,* 21 Pa. Commonwealth Ct. 144, 343 A. 2d 690 (1975); *Earley v. Department of Public Welfare,* 13 Pa. Commonwealth Ct. 17, 317 A. 2d 677 (1974).

The sole question presented to us is: Did Department in failing to make an independent inquiry to determine the actual amount which the legally responsible relative can afford to contribute act contrary to prevailing constitutional and statutory law?

Initially, Appellant argues that Department regulations violate her right to due process of law guaranteed under the United States Constitution by creating a presumption of availability of income from the LRR notwithstanding the waiver provision in Pa. Manual Section 3237.33. This same question was raised in *Bowen, supra,* and there we answered:

> "It cannot be doubted that the departmental regulation in effect here does create a presumption that income of legally responsible relatives is available to the welfare recipient. The presumption, however, does not foreclose individualized determination and is not irrebuttable. Under Section 3237.33 of the Pa. Manual the income presumed available under Section 3237.322 may be waived when it appears unsound, unreasonable, or impracticable to expect the legally responsible relative to contribute such income.... Interpreting this section within constitutional principles, we read this waiver provision so as to afford the affected individuals an opportunity to contradict the presumption and to seek exception from the rule. Should the department fail to waive the presumption in capricious disregard of competent evidence, such action would, of course, be reviewable by this Court as an abuse of discretion." 21 Pa. Commonwealth Ct. at 152, 343 A. 2d at 694.

Our answer here is no different than in *Bowen.*

Nor do we find merit in Appellant's next argument that Department calculated the amount of income available from the LRR on gross instead of net income. Federal regulations promulgated by the Secretary of the United States Department of Health, Education and Welfare pursuant to 42 U.S.C. §1302 provides:

"In establishing financial eligibility and the amount of the assistance payment, only such net income as is actually available for current use on a regular basis will be considered. . . ." 45 C.F.R. 233.90 (a).

Under Department regulations, the amount considered available is calculated by using tables. The Relatives' Contribution Scale and Explanation of Relatives' Contribution Scale, Pa. Manual Section 3237.3 Appendices I, I-B, satisfy us that the amount of income available from the LRR is calculated in accordance with federal regulations.

Therefore, we must

### ORDER

AND NOW, this 7th day of November, 1975, the order of the Department of Public Welfare reducing Ana Morales Soto Aid to Families with Dependent Children grant is hereby affirmed.