Judy Molyneaux, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 8, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Stuart A. Cilo,* with him *Niles Schore,* for petitioner.

*Linda M. Gunn*, Assistant Attorney General, for respondent.

Opinion by Judge Rogers, July 9, 1979:

Judy Molyneaux has appealed from an order of the Department of Public Welfare affirming a decision of the Columbia County Board of Assistance discontinuing public assistance to the appellant's two minor children.

The appellant is the recipient of Aid to Families with Dependent Children (AFDC) for herself and her two minor children. The amount of the grant was originally $302.00 per month in addition to medical assistance benefits. After learning that the appellant's former husband, the father of the two children, was living in the same dwelling accommodations with the appellant and their children and working full time at a wage of $230.00 per week, the County Board of Assistance notified the appellant that AFDC and medical assistance benefits for the children would be discontinued and that the grant would be reduced to $164.00 per month to provide for the appellant only. The Board's action was based on Sections 183.22 and 183.44 of the Public Assistance Manual, 55 Pa. Code §§183.22, 183.44, which create a presumption that the income of a legally responsible relative is available to his dependents living in a common dwelling unit. Section 183.22 defines income as:

Any money which is available to [a client] except as provided in §183.44 of this title (relating to procedures) and §183.64 of this title (relating to procedures) from certain persons living with him, such as a parent.

Section 183.44(b) provides:

The income *considered* available to the dependent or dependents applying for or receiving assistance will be arrived at by deducting allow-

ances for his living expenses from the income of the spouse or parent.

. . . .

(3) *Remainder.* The remainder, up to the amount of the total allowances for the dependent or dependents applying for or receiving assistance, *will be considered* income available to these dependents. (Emphasis added.)

Using these regulations, the Board calculated that the income considered to be available from the father ($573.12 per month) exceeded the children's share of the AFDC grant, thereby making them financially ineligible for assistance. None of the father's income was deemed available to the appellant herself, since her former husband was no longer a legally responsible relative of hers. The appellant appealed the Board's decision to a hearing examiner, claiming that her former husband contributed no money to the family beyond court ordered support payments which she had assigned to the Department when she applied for assistance. The hearing examiner conducted a hearing and sustained the decision of the Board, concluding that the regulations do not require a determination of what income is actually available from a legally responsible relative beyond what the regulations say is to be considered available. The hearing examiner's order became the final administrative action of the Department and this appeal followed.

The appellant says that the Department's regulations as applied by the Board deny her due process of law by creating an irrebuttable presumption that a legally responsible relative's income is available for the use of his dependents. We agree.

Permanent irrebuttable presumptions have long been disfavored under the due process clauses of the United States Constitution. *Cleveland Board of Edu-*

*cation v. LaFleur,* 414 U.S. 632 (1974); *Vlandis v. Kline,* 412 U.S. 441 (1973). In *Vlandis,* the Supreme Court held that a state could not constitutionally irrebuttably presume that a person who had lived outside of the state for any part of the year preceding his application to a state college was a non-resident student for purposes of fixing his tuition rate. The Court concluded:

> [S]ince Connecticut purports to be concerned with residency in allocating the rates for tuition and fees in its university system, it is forbidden by the Due Process Clause to deny an individual the resident rates on the basis of a permanent and irrebuttable presumption of nonresidence, when that presumption is not necessarily or universally true in fact, and when the State has reasonable alternative means of making the crucial determination. Rather, standards of due process require that the State allow such an individual the opportunity to present evidence showing that he is a bona fide resident entitled to the in-state rates.

412 U.S. at 452. *See also, United States Department of Agriculture v. Murry,* 413 U.S. 508 (1973).

Eligibility for the AFDC program, and indeed all public assistance programs, is based on need. *See* Section 432 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §432. The Department's regulations here in question deny to certain dependents the opportunity to adduce relevant evidence of need in fact, although a fair hearing procedure exists for the consideration of such evidence. This practice clearly violates the requirements of due process as explained in *Vlandis v. Kline, supra.*

This conclusion is consistent with our decision in *Bowen v. Department of Public Welfare,* 21 Pa. Commonwealth Ct. 144, 343 A.2d 690 (1975), where we

upheld the constitutionality of a nearly identical predecessor regulation to Section 183.44. There, we held that the presumption of the availability of income did not deny due process because another provision of the regulation permitted the Department to waive the presumption when its application would be unsound, unreasonable or impracticable. We held that the provision for waiver afforded recipients and applicants a sufficient opportunity to rebut the presumption. Here there is no provision for waiver and indeed the Department concedes that the present regulation creates an irrebuttable presumption.[1] Therefore, Section 183.44(b)(3), insofar as it requires the Board to consider income of a parent as available to his dependents living with him, without opportunity to show that such income is not actually available to the dependents, offends the due process rights of the defendants.

The Department says that its use of an irrebuttable presumption is authorized by recent opinions of the Supreme Court of the United States, particularly *Weinberger v. Salfi*, 422 U.S. 749 (1975). We disagree. In *Salfi*, the Supreme Court upheld the constitutionality of provisions of the Social Security Act, which denied benefits to surviving wives and stepchildren of marriages entered into less than nine months before the death of a wage earner beneficiary, creating, in effect, an irrebuttable presumption that such marriages were entered into for the purpose of securing social security payments. The Court held that in the area of social welfare legislation Congress

---

[1] Current regulations provide similar waiver provisions when income is presumed to be available from a legally responsible relative living apart from an assistance recipient or applicant. *See* 55 Pa. Code §187.24(f). The parties agree, however, that this provision is inapplicable where the relative lives with his dependent. Indeed, counsel for the Department suggested at oral argument that the waiver provision we considered in *Bowen, supra*, was applicable only when the legally responsible relative lived apart from his dependent.

can apply irrebuttable presumptions to exclude a class of individuals from benefits so long as the presumption is rationally related to a legitimate legislative objective. However, the Court expressly distinguished presumptions such as the one stricken in *Vlandis v. Kline, supra,* which, rather than simply making a class of persons ineligible for benefits, deny individuals the opportunity to introduce evidence relevant to their eligibility.

Finally, the Department says that certain federal regulations require the state to establish an irrebuttable presumption that a parent's income is available to his children living with him. The appellant disputes this, saying that the federal regulations require only a rebuttable presumption. This issue was addressed in *McLaughlin v. Wohlgemuth,* 398 F. Supp. 269 (E.D. Pa. 1975). There, the District Court, by Judge FULLAM, held that the federal regulations in question permit only a rebuttable presumption that a parent's income is available to the welfare household. It was held that the state regulations there in question, the regulations later reviewed by us in *Bowen,* failed to conform to the federal regulations by creating an irrebuttable presumption that such income was available and enjoined further application of the state regulations. Less than two months after *McLaughlin v. Wohlgemuth* was decided, we held in *Bowen* that the presumption created by the state regulations was not irrebuttable because of the waiver provision discussed earlier. In light of our decision in *Bowen,* which, we repeat rested on the waiver provision, the Third Circuit Court of Appeals vacated the order in *McLaughlin* and remanded for further consideration. 535 F.2d 251 (3d Cir. 1976). As we have noted, however, the waiver provision on which the *Bowen* decision was based no longer exists. We are convinced of the correctness of Judge FULLAM's analysis of the

federal regulations and of the failure of the state regulations here to conform to federal regulations and of the latter's consequent invalidity on this score. Further, of course, and in any event, the Department's argument that federal regulations require an irrebuttable presumption is no answer to due process requirements enunciated in *Vlandis v. Kline, supra.*

The order of the Department is vacated and the case is remanded for redetermination of eligibility in a manner consistent with this opinion.

ORDER

AND NOW, this 9th day of July, 1979, the final adjudication of the Department of Public Welfare, dated June 22, 1978, is hereby vacated and the record is remanded to the Department for further proceedings consistent with this opinion.

---

DISSENTING OPINION BY JUDGE WILKINSON, JR.:

Appellant is living with her former husband and their two children. The former husband is earning in the order of $1,000. a month. If they were married, as they formerly were, no one would be eligible for welfare. Now, since they are divorced, it is agreed that appellant is entitled to assistance since she is not "related" to the former husband. If he were not living in the house, as the majority points out, our decision in *Bowen v. Department of Public Welfare,* 21 Pa. Commonwealth Ct. 145, 343 A.2d 690 (1975) would support the decision of the Columbia County Board of Assistance, as affirmed by the Department of Public Welfare.

I must accept, and it is not in issue here, unwise as it might seem to me, that appellant is eligible for assistance since she is no longer married to her former husband. I need not and I cannot accept that the divorce makes the children eligible when they would

otherwise not be.   I would bring this situation under the protective cover of *Weinberger v. Salfi*, 422 U.S. 749 (1975).