Cynthia Lundy, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Irene Battle, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 10, 1980, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

2

*Joseph Mesar,* for Cynthia Lundy, petitioner.

*Thomas C. Reed,* for Irene Battle, petitioner.

*Catherine Stewart,* Assistant Attorney General, with her *Mary Frances Grabowski,* Assistant Attorney General, for respondents.

OPINION BY JUDGE WILLIAMS, JR., September 12, 1980:

Petitioner Cynthia Lundy appeals from a final order of the Department of Public Welfare (Department) affirming the reduction in the monthly grant for her children under the Aid to Families with Dependent Children program (AFDC). Petitioner Irene Battle appeals from a similar order. As the appeals present the same material facts and raise the same legal issues, we consolidated them for argument and disposition.

Each petitioner has two children for whom she received a monthly AFDC grant of $247.00. Neither petitioner was included in the AFDC grant or the recipient of any public assistance for herself. Each petitioner had a spouse who was not the natural or adoptive father of her two children. And, each petitioner

obtained a court order requiring her husband to pay her $200.00 monthly support.

As a result of the support orders, the Allegheny County Assistance Office proposed to reduce the monthly AFDC grants for the children to $102.00, in each case. After appeal hearings the reductions were affirmed as the final decision of the Department.[1]

In each case the county assistance office treated $145.00 of the $200.00 support order as income available to the petitioner's children, relying on Sections 183.22 and 183.44 of the Public Assistance Eligibility Manual, 55 Pa. Code §§183.22, 183.44. Those Sections create a presumption that the income of a legally responsible relative is available to his dependents living in a common dwelling unit.

Section 183.22 defines "income" of a welfare client to include the following:

> Any money which is available to him except as provided in §183.44 of this title (relating to procedures) and §183.64 of this title (relating to procedures) from certain persons living with him, such as a parent.[2]

Section 183.44(b) sets forth the basic procedure for income availability to a dependent on assistance:

> The income considered available to the dependent or dependents . . . receiving assistance will be arrived at by deducting allowances for his living expenses from the income of the spouse or parent.

Section 183.44(b)(2) sets the arithmetical method of determining the amount of income to be considered available to the dependent, by providing for certain

---

[1] In the case of petitioner Battle, the Hearing Examiner modified the decision by restoring $2.00 to the children's grant, making it $104.00 a month.

[2] §183.22(ii).

formula deductions from the total net income of the spouse or parent. After those formula deductions are made, Section 183.44(b)(3) declares the remainder, up to the amount of the dependent's assistance allowance, to be considered income available to the dependent.

In each of the cases now before us, the county assistance office calculated $145.00 to be income available to the dependent children, solely by the mechanical application of the formula set forth in Section 183.44(b)(2): by deducting from the $200.00 total income of the parent, the difference between the $247.00 allowance for two children and what the family allowance would have been had the mother been included in the assistance unit.

It is clear from the face of the Department's adjudication in each case, that no factor exterior to the arithmetic formula in Section 183.44(b)(2) was allowed to affect the computation of available income. The agency entertained no evidence of what part of the $200.00 support order actually would be income available to the dependent children involved. In each case, the conclusion that $145.00 was available income to the children was the result of a mathematical abstraction, applied without regard to possible financial realties the parent could prove and without regard to the actual relation of the support order to the needs of the children. In sum, the welfare authorities presumed, without allowance for rebuttal, that the arithmetic result of an abstract formula represented the reality of income availability to the dependent children in these cases.

Section 183.44(b)(3) violates due process, in that it treats the income of a parent as being available to his dependents living with him, without allowing opportunity to show that such income is not actually available to the dependents. That was the ruling of

this Court in *Molyneaux v. Department of Public Welfare,* 44 Pa. Commonwealth Ct. 111, 403 A.2d 634 (1979).

In the *Molyneaux* case, the mother was a part of the AFDC grant, and received monthly assistance for herself and two minor children. Her former husband, the father of the two children, took up residence in the assistance dwelling unit. Because he earned $230.00 per week, the AFDC benefits to the children were discontinued by the welfare authorities. That action was based on the Section 183.44(b)(3) presumption that the income of the resident father was available to the children. Based on the regulations, the income available to them was computed to be over $573.00 a month, which exceeded their AFDC allowance. The due process infirmity in *Molyneaux* was that the regulations precluded a showing that the father's income was not available to the children.

The due process violation in the instant case stands out in sharper relief. In these cases the AFDC benefits were for the children alone; and we may assume that the assistance amounts, $247.00, were based on their needs. The support payments ordered to the mothers were not from males who had any legal obligation to support the children here involved. There is nothing to indicate that those support orders did any more than reflect the independent needs of the mothers. In other words, the judicial award of $200.00 a month to each mother, for her independent needs, did not automatically diminish the assistance needs of the children from the $247.00 a month previously determined, or necessarily reduce those needs to the extent computed by the welfare authorities.

We have no difficulty in recognizing that the $200.00 monthly support payments are income to the mothers. Nor is it invalid to presume, as a procedural convenience, that the income is available to the depen-

dent children. What we do rule invalid is a procedure under which the presumption is irrebuttable. And it is that defect which governed the proceedings below.

Accordingly, we grant the following relief: that each of the cases be remanded for a new hearing at which the petitioner shall have the opportunity, and the burden, to prove that her income was not available to her children or to the extent computed by the welfare authorities.

## ORDER IN 512 C.D. 1979

AND Now, the 12th day of September, 1980, the final adjudication of the Department of Public Welfare, dated February 5, 1979, is hereby vacated and the record is remanded to the Department for further proceedings consistent with this opinion.

## ORDER IN 1938 C.D. 1979

AND Now, the 12th day of September, 1980, the final adjudication of the Department of Public Welfare, dated August 6, 1979, is hereby vacated and the record is remanded to the Department for further proceedings consistent with this opinion.