445 A.2d 730

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Appellant,**

**v.**

**Judy MOLYNEAUX, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 21, 1982.

Decided May 26, 1982.

Edward P. Carey, Asst. Atty. Gen., Allen C. Warshaw, Deputy Atty. Gen., for appellant.

Stuart Cilo, Bloomsburg, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

The Department of Public Welfare, Appellant, here challenges the decision of the Commonwealth Court in *Molyneaux v. Commonwealth of Pennsylvania, Department of Public Welfare*, 44 Pa. Commonwealth Ct. 111, 403 A.2d 634 (1979), reversing the hearing examiner's affirmance of the action of the Columbia County Assistance Office which, in April of 1978, denied Aid to Families with Dependent Children (AFDC) assistance to Judy Molyneaux and her two minor children, Autumn and Katrina. Assistance was denied on the grounds that Stephen Molyneaux, father to the two girls, was living in the household with his children and was employed, earning two hundred thirty dollars ($230.) per week.

Judy Molyneaux is divorced from Stephen Molyneaux. Until the action of the Columbia County Assistance Board, she was the caretaker-relative who received three hundred two dollars ($302.) per month, in addition to food stamps and medical assistance benefits, as aid for herself and her two children because of the absence of their other parent from the household. Upon receiving reliable information indicating that Stephen was then residing in the household, the Columbia County Board of Assistance advised Ms. Molyneaux that the amount of income earned by the children's father and considered to be available to the children because of his presence in the household was sufficiently in excess of his own needs to cover the AFDC grant which the children had been receiving.[1]

Commonwealth Court vacated the Department of Public Welfare's order, which had discontinued the assistance grant

1. The County Board of Assistance, after making the calculations under 55 Pa. Code § 183.44 to eliminate that portion of the father's income required for his own needs, determined that the father had $573.12 available for the children. The father is currently under a support order to provide $100. a month for his children. The record does not show when that order was entered, the circumstances with respect to the father's income on which it was based, or what efforts,

for the Molyneaux children, and remanded for a redetermination of eligibility consistent with the court's finding that the Pennsylvania Department of Public Welfare had improperly created an irrebuttable presumption that a father's income is available to his children living in the same household for AFDC purposes and that such presumption is unconstitutional. Because AFDC eligibility is a creature of federal law which excludes children of employed parents resident in the same household from eligibility and the federal courts have held that type of exclusion to be constitutionally permissible,[2] we reverse the order of the Commonwealth Court and reinstate the order of the County Board of Assistance denying AFDC benefits.

The opinion of the Commonwealth Court, per Rogers, J., in addressing itself to an "irrebuttable presumption" found in the procedural regulations[3] of the Department of Public Welfare used to determine the income of AFDC recipients

if any, the applicant, her counsel, or the agency made to secure an increase in it based upon the father's current income from employment.

2.  See *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), sustaining Sections 216(c)(5) and (e)(2) of the Social Security Act, 42 U.S.C. § 416(c)(5) and (e)(2), which define "widow" and "child" so as to deny social security benefits to a surviving wife and stepchild whose relationships to a deceased wage-earner existed for less than nine months prior to the wage-earner's death, and *Burns v. Alcala*, 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975), *on remand Alcala v. Burns*, 514 F.2d 1002 (CA 8 1975), *on remand Alcala v. Burns*, 410 F.Supp. 1024 (SD Iowa 1976), *aff'd Alcala v. Burns*, 545 F.2d 1101 (CA 8 Iowa 1976), *cert. den. Doe v. Burns*, 431 U.S. 920, 97 S.Ct. 2187, 53 L.Ed.2d 232 (1977), holding that, while a state must provide benefits to all individuals who meet the federal definition of "dependent child" and who are "needy" under state standards, unless they are excluded or aid is made optional by another provision of the Act, the statutory term "dependent child" does not include unborn children and pregnant women are not eligible for AFDC solely on the basis of their pregnancy.

3.  55 Pa. Code § 183.44(b), identified as: Income Procedures for AFDC, provides:

    The income considered available to the dependent or dependents applying for or receiving assistance will be arrived at by deducting allowances for his living expenses from the income of the spouse or parent.

has, we believe, overlooked the plain language in the provisions of Section 407 of the Social Security Act, 42 U.S.C. § 607, *added* by Pub.L.90–364, June 28, 1968, *amended* by

. . . .

(3) Remainder. The remainder, up to the amount of the total allowances for the dependent or dependents applying for or receiving assistance, will be considered income available to these dependents.

The opinion of the Court below accepted the premise of the parties in this action that the Department of Public Welfare regulations had created an irrebuttable presumption and relied on *McLaughlin v. Wohlgemuth*, 398 F.Supp. 269 (E.D.Pa.1975), *vacated* 535 F.2d 251 (CA 3 1976) on the basis (1) of a July 24, 1975 amplification of the federal regulations defining "currently available income" and (2) of the opinion in *Bowen v. Department of Public Welfare*, 21 Pa. Commonwealth Ct. 144, 343 A.2d 690 (1975), determining that the Pennsylvania regulations in effect at the time established a rebuttable, rather than an irrebuttable, presumption on the issue of whether any "legally responsible relative's" income is available to a dependent child. Both *Wohlgemuth* and *Bowen* dealt with a regulatory presumption on the issue of need that the income of legally responsible relatives is available to dependent children in situations where the children are deprived of parental support and care by reason of either the absence or the disability of the parent, the statutory test on the threshold issue of eligibility under Section 406 of the Social Security Act, 42 U.S.C. § 606. The court below applied the prohibition, established in those cases to the use of irrebuttable presumptions on the issue of need, to this case which raises the different issue of threshold eligibility as a matter of statutory interpretation under Section 407 of the Social Security Act, 42 U.S.C. § 607. Section 407 of the Act was added June 28, 1968, for the purpose of providing aid to an additional class of dependent children, those who were deprived of parental support and care by reason of the unemployment of their father. The issue here is the eligibility of dependent children when their father is present in the home, gainfully employed and not disabled. Until we have determined whether the Molyneaux children are eligible under the statutory classification of Section 407 (unemployment), we do not reach the issues of need and availability of income, on which latter issues only *Wohlgemuth* and *Bowen* teach us that irrebuttable presumptions cannot be used.

Analysis in terms of an "irrebuttable presumption" has compelled the Commonwealth Court's finding of an unconstitutional denial of due process because the application of such a presumption would preclude the applicant from establishing through evidence her children's factual entitlement to the benefits Congress intended to confer on needy children. Such analysis is inappropriate, however, where the threshold issue is the interpretation of the statute to determine whether applicant's children fall within the legislative classifications Congress intended to benefit. If applicant's children are not within the benefited class the regulation simply follows the legislative intent to deny benefits to such persons.

Pub.L.94–566, § 507(a)(2) (1976), (current version at 42 U.S.
C.A. § 607(b)(2)(c) (Supp. IV 1981), defining classes of persons eligible for AFDC and the decisions of the Supreme
Court sustaining congressional authority to establish categories of recipients for social welfare benefits.[4]

The program known as Aid to Families with Dependent
Children was established in the Social Security Act of August 14, 1935, 42 U.S.C. §§ 301–1397f, as part of a broad
system attempting to address the social needs of the elderly,
the impoverished and the unemployed. Federal monies are
supplied as matching grants to cooperating states which are
charged with providing or designating a single state agency
to administer, or supervise the administration of, assistance
to needy families in compliance with Federal statutory mandates and regulatory guidelines. The state agency is responsible for determining need and is required to "take into
consideration any other income and resources of any child or
relative claiming aid to families with dependent children, or
of any other individual (living in the same home as such
child and relative) whose needs the state determines should
be considered in determining the need of the child or relative
claiming such aid, as well as any expenses reasonably attributable to the earning of any such income . . . ."[5]

In Pennsylvania, the Department of Public Welfare regulations provide a schedule of family allowances based on
family size and the county of residence.[6] According to these

4. The Pennsylvania Public Welfare Code, Act of June 13, 1967, P.L.
31, No. 21, *as amended*, 62 P.S. § 101—1503 incorporates the federal
law, regulations and requirements for eligibility into the Commonwealth's administration of the AFDC program as well as other
federally funded programs. Such incorporation is necessary if this
Commonwealth is to qualify for federal funding of those programs.
The state also administers a general assistance program under its
own standards with state funds. The issue here arises under the
departmental administration of the federally funded program wherein the federal statute and regulatory standards are applicable by
incorporation.

5. Act of August 14, 1935, Section 402(a)(7), 42 U.S.C. § 602(a)(7) as
amended.

6. 55 Pa. Code § 175.23.

regulations, "a person, or group applying together for assistance, is in need if income and other available resources . . . are less than the family size allowances . . . established . . . . The difference will be the amount of assistance grant." [7]

In addition to the mandates of Section 402, Sections 406 and 407 of the Social Security Act,[8] define the two categories of dependent children who are eligible for federal funds: (1) children under the age of eighteen [9] who have been deprived of parental support or care by reason of the death, continued absence from home, or physical or mental incapacity of one parent and who are living with another parent or relative and (2) children under eighteen who have been deprived of parental support or care by reason of the unemployment . . . of a parent [10] and who are living with any of the relatives specified in the preceding section. Thus defined, the term "dependent child" excludes those children who may be in need but who are neither deprived of parental support by the continued absence or incapacity of a parent nor deprived by reason of their parent's employ-

7. 55 Pa. Code § 171.21. In Columbia County, a family of three was allowed $302. per month in 1978 and 1979.

8. 42 U.S.C. §§ 606 and 607.

9. Regular students attending academic, vocational or technical training were formerly eligible until they reached age twenty-one. § 406(a)(2)(B) of the Act of August 14, 1935, 42 U.S.C. § 606(a)(2)(B), *amended by* Pub.L.88–641 (1964) and *by* Pub.L.89–97 (1965). The maximum age for students receiving AFDC was reduced to nineteen by the Act of August 13, 1981, Pub.L.97–35, 42 U.S.C.A. § 606(a) (Supp. IV 1981).

10. As originally enacted in 1935, the Social Security Act defined a dependent child as one who has been deprived of the support or care of a parent. Section 407, added May 8, 1961, speaks of deprivation of parental care by reason of the unemployment of the "father." In 1979, the U. S. Supreme Court held the gender-based classification to be a violation of the due process clause of the Fifth Amendment not substantially related to the attainment of any important, valid statutory goal. *Califano v. Westcott*, 443 U.S. 76, 99 S.Ct. 2655, 61 L.Ed.2d 382 (1979). The definition of "dependent child" in Section 407(a) was subsequently amended by the Act of August 13, 1981, 42 U.S.C. § 607(a) (Supp. IV 1981) to substitute "unemployment . . . of the parent who is the principal earner" for "unemployment . . . of his father."

ment. It is beyond our authority to expand the language of the federal act to include within AFDC entitlements those children whose parents are both employed and physically present in the household. Congress has excluded this last group of children from assistance under AFDC. Indeed, it has specifically reduced AFDC assistance to those children sharing a household with their unemployed parent for the week that this parent is receiving unemployment compensation under state and federal law by the amount of such compensation and denied benefits to children whose parents fail to seek such compensation or register for employment under a work incentive program.[11]

Congressional intent, evident from the Social Security Act itself and from its legislative history, was to limit the amount of federal funding required by providing assistance only when parental support is absent for reasons beyond the parents' control and to do nothing beyond that to alter the normal responsibilities between parent and child. Thus Congress has decided that parents with income must utilize that income for their children before AFDC assistance can be provided.[12]

In the field of social welfare, the standard for testing the validity of congressional enactments establishing statutory classifications was enunciated in *Flemming v. Nestor*, 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 *reh. denied* 364 U.S. 854, 81 S.Ct. 29, 4 L.Ed.2d 1435 (1960). "Particularly when we deal with a withholding of a noncontractual benefit under a social welfare program . . ., we must recog-

11. 42 U.S.C. § 607(b)(2)(C) and (D), as *amended by* Pub.L.94–566 (1976), (Current version at 42 U.S.C.A. § 607(b)(2)(C) and (D) Supp. IV 1981). Whether or not the Congressional decision to grant benefits to children whose employed parent absents himself from the family home, but not to children whose employed parent remains in the home, without inquiry into whether or not the parent's income is actually made available to his children, is a wise decision, or good social policy, is not for us to determine. The resolution of that controversial issue is a proper subject for legislative determination.

12. The policy has also been articulated in 55 Pa. Code § 177.21(b): "Public assistance is intended to supplement, and not to replace, any available or continuing resources which an individual may have."

nize that the Due Process Clause can be thought to interpose a bar only if the state manifests a patently arbitrary classification, utterly lacking in rational justification."

It was summed up in *Weinberger v. Salfi*, 422 U.S. 749, 777, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1974):

> [T]he question raised is not whether a statutory provision precisely filters out those, and only those who are in the factual position which generated the congressional concern reflected in the statute. Such a rule would ban all prophylactic provisions . . . . Nor is the question whether the provision filters out a substantial part of the class which caused congressional concern, or whether it filters out more members of the class than nonmembers. The question is whether Congress, its concern having been reasonably aroused by the possibility of an abuse which it legitimately desired to avoid, could rationally have concluded both that a particular limitation or qualification would protect against its occurrence, and that the expense and other difficulties of individual determinations justified the inherent imprecision of a prophylactic rule.[13]

Turning now to the Pennsylvania statute known as the Public Welfare Code, Act of June 13, 1967, P.L. 31, No. 21, Section 432, as amended, 1973, December 12, P.L. 403, No. 143, Section 2 and 1976, April 1, P.L. 64, No. 82, Section 1, 62 P.S. Section 432, sets forth the classes of needy persons eligible for assistance, including, in subsection (1) "persons for whose assistance federal financial participation is available to the Commonwealth as Aid to Families with Dependent Children . . . ." It is clear from this section that the

---

**13.** In the years between *Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960) and *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the doctrine can be traced in: *Richardson v. Belcher*, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971) State Workmen's Compensation Social Security offset requirement is not so arbitrary as to violate the Due Process Clause of the Fifth Amendment and *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491, *reh. denied*, 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 80 (1970), Maryland regulation setting maximum limit on AFDC grant to any one family unit is not inconsistent with Social Security Act nor violative of equal protection clause of Fourteenth Amendment.

availability of AFDC to Pennsylvania residents is contingent upon federal funding and that their eligibility is defined by federal law.

The Department of Public Welfare has written procedural regulations to cover distribution of the federal funds provided under AFDC. These regulations, 55 Pa. Code Section 183.44, specify in detail the steps to be taken in determining the amount of an AFDC grant, once the threshold questions of need and eligibility have been determined. The Department is, however, bound by the eligibility standards in the Federal Social Security Act. The so-called "irrebuttable presumption" in Section 183.44 of its procedural regulations has not been created by the regulations; it is simply the logical consequence of the Federal classification created by Congress in excluding children whose parents are neither absent nor unemployed. No matter what the size and nature of Stephen Molyneaux's contribution to his children's support, Federal AFDC funds are not available when both parents, one of whom is employed, are living with their children.

The opinion of the court below applies the "irrebuttable presumption" doctrine as articulated in *Cleveland Board of Education v. LaFleur*, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); *Vlandis v. Kline*, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973), and *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972),[14] to regulations designed to provide a method for the calculation of grants and holds the language of 55 Pa. Code Section 183.44 violates due process in not permitting a determination of actual need under the State administered but primarily federally funded AFDC program. Thus, by implication, the court has also held the classification provisions of the Federal Social Security Act to be unconstitutional as violating the due process clause of the Fifth Amendment. The United States Supreme Court has,

**14.** The U. S. Supreme Court specifically held these cases not to be controlling on the analogous issue of excluding a class of widows and children from social security benefits when those relationships to a deceased wage earner were less than nine months in duration. *Weinberger v. Salfi*, 422 U.S. 771, 95 S.Ct. 2469, 45 L.Ed.2d 522 (1975).

however, repeatedly held similar statutory classifications in the Social Security Act to be valid exercises of legislative responsibility so long as they are not "patently arbitrary" and "utterly lacking in rational justification." [15]

We hold, therefore, that the provisions of the Social Security Act establishing only two classes of dependent children eligible for AFDC assistance, those who are deprived of parental support or care by reason of the death, continued absence from the home or physical or mental incapacity of a parent and those who are deprived of parental support or care by reason of the unemployment of one of their parents, thereby excluding those who have an employed parent and a caretaker parent present in the household, are constitutional. In addition, the provisions of 55 Pa. Code Section 183.44 establishing procedures for the calculation of AFDC grants are in conformity with the federal act and do not violate the due process requirements of the Fourteenth Amendment of the United States Constitution.

For the reasons given above, the decision of the Commonwealth Court is reversed and the denial of benefits under AFDC affirmed without prejudice to the applicant's right to apply for General Assistance for her children under the Pennsylvania statute. Although we do not decide any issues relating to appellee's right to General Assistance under Pennsylvania law, we note that while the Pennsylvania Public Welfare Code, 1967, June 13, P.L. 31, No. 21, Section 432, 62 P.S. § 432, which makes such assistance available to all "needy" residents of Pennsylvania, delegates the determination of who is "needy" to the Department in the broadest terms. Section 432.12 of the Act, added 1976, July 9, P.L. 993, No. 202, § 5, 62 P.S. § 432.12, requires the Department to make that determination of need by considering "income actually available for current use." The departmental regulation applicable to the computation of General

15. *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Richardson v. Belcher*, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971); *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960).

Assistance at 55 Pa. Code § 183.64 which deals with the amount available from a resident parent's income must be construed in the light of the Pennsylvania statute's requirement of actual availability for General Assistance purposes. Thus, the department's fact-finders must initially determine whether the resident parent's income is in fact available in determining eligibility for General Assistance.[16]

NIX, J., filed a dissenting opinion.

NIX, Justice, dissenting.

Section 407 of the Social Security Act, 75 Stat. 75, as amended, 42 U.S.C. § 607, 42 U.S.C.S. § 607, part of the Aid to Families with Dependent Children provided benefits to families whose dependent children have been deprived of parental support because of the unemployment of a father[1] prior to the Act of August 13, 1981, 42 U.S.C. § 607(a) (Supp. IV 1981) which substituted "unemployment . . . of the parent who is the principal earner" for "unemployment . . . of his father." In *Califano v. Westcott*, 443 U.S. 76, 99 S.Ct. 2655, 61 L.Ed.2d 382 (1979) it was clearly held that benefits were to be paid to families "in which *either the mother or the father is unemployed* within the meaning of the act." 443 U.S. 91–93, 99 S.Ct. at 2664–2665.

Neither the statute, in 1978 when the Molyneaux children were denied aid, nor as amended in 1981 requires the conclusion that, "No matter what the size and nature of [the father's] contribution to his children's support, Federal

**16.** If the General Assistance regulation merely provides a presumption of availability from residence in the same household, a matter we do not now decide, it would have evidentiary force as a rational presumption and simply shift the burden of producing evidence of non-availability and persuading the fact-finder of that evidence's credibility, subject to appropriate court review under the test of whether or not the agency's factual predicates are supported by substantial evidence on the whole record.

**1.** Although this statute did not provide such benefits to children when the mother becomes unemployed, *Califano v. Westcott*, 443 U.S. 76, 99 S.Ct. 2655, 61 L.Ed.2d 382 (1979) required a reading of the statute to substitute "parent" for "father" because of the unconstitutionality of the gender-based classification.

AFDC funds are not available when both parents, one of whom is employed, are living with their children." (Majority Opinion, p. 735) The majority's conclusion interprets the cited portion of the statute as implicitly excluding benefits, although one parent becomes unemployed, as long as the other parent also residing in the house is employed. This conclusion is neither required by the language of the statute nor has the majority cited any cases supporting such an interpretation.

Therefore, I dissent.