Gloria Dorn, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 17, 1982, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Jeffrey L. Greenwald,* for petitioner.

*Stanley Slipakoff,* with him, *Mary Frances Grabowski,* Assistant Counsel, for respondent.

OPINION BY JUDGE ROGERS, March 8, 1983:

Gloria Dorn, a recipient of Aid to Families with Dependent Children (AFDC), has petitioned for review of a Final Administrative Action Order of the Department of Public Welfare (DPW) affirming the dismissal by a hearing examiner of her appeal from the action of the Northampton County Assistance Office (CAO) reducing her children's AFDC grant by reason of the receipt by her of support payments from her estranged husband.

Mrs. Dorn was receiving AFDC benefits of $318.00 a month for herself and her two children. In September of 1980, Mrs. Dorn began to receive court ordered support payments of $180.60 a month from her husband. The husband is not the father of Mrs. Dorn's dependent children. As a result of the support payments Mrs. Dorn was removed from the AFDC grant, causing the same to be reduced from $318.00 a month to $262.00 a month. The AFDC benefits which she continued to receive were for her two minor children.

On September 15, 1980, the CAO notified Mrs. Dorn that the grant would be further reduced to $137.40 per month pursuant to 55 Pa. Code §183.44.[1] This DPW

---

[1] The relevant portion of 55 Pa. Code §183.44(b) provides:

The income considered available to the dependent or dependents applying for or receiving assistance will be arrived at by deducting allowances for his living expenses from the income of the spouse or parent. The following method which is applicable to the situations will be used.

. . . .

(2) Others. For others the following apply:

(i) The dependents of the spouse or parent will be determined. Dependents without income and not receiving assistance will always be included. Dependents with income of their own may be included if the spouse or parent

regulation establishes a set formula for the determination of the amount of the income of the parent which is available to dependents who reside with the responsible relative and who receive AFDC assistance.

Mrs. Dorn appealed and at her fair hearing advanced evidence of her living expenses, taking the position that the regulation at 55 Pa. Code §183.44 establishes an unlawful irrebuttable presumption of the amount of her income which is available to her dependents is contrary to the due process clause, the Federal Social Security Act and its implementing regulations and case law.[2] The hearing examiner,

wants and if the income of the dependent is combined with that of the spouse or parent.

(ii) The total net income for the spouse or parent and his NA dependents will be computed as if they are a separate assistance unit, using the method in subsection (d)(1)-(2)

(iii) The following will be deducted from the total net income:

(A) The difference between the family size allowances for the assistance unit, excluding special need allowances, and what the allowances would be if the spouse or parent and his allowable dependents were included.

(B) The actual cost of medical care for the spouse or parent and his allowable dependents. This will include premiums for medical insurance such as Blue Cross, Blue Shield, and the like.

(C) The actual cost of life insurance up to $2.00 per month per person for the spouse or parent and his allowable dependents.

(D) Payment of a court order by the spouse or parent for a person not living with him.

(3) Remainder. The remainder, up to the amount of the total allowances for the dependent or dependents applying for or receiving assistance, will be considered income available to these dependents.

[2] The petitioner specifically points to 42 U.S.C. §602(a)(7), which requires the state to consider the income of a parent when determining need in an AFDC household. The petitioner claims that the use of the phrase "actually available" in the implementing regula-

whose order was affirmed by DPW, adhered to the formula of 55 Pa. Code §183.44 in his determination of the amount of Mrs. Dorn's income which was available to her children.

The petitioner says that the issue is controlled by our previous determination in *Lundy v· Department of Public Welfare,* 54 Pa. Commonwealth Ct. 1, 419 A.2d 801 (1980), where it is true that on virtually identical facts we held that the presumption created by DPW regulation, 55 Pa. Code §183.44, violated due process and therefore remanded the case for a new hearing to determine the amount of the mother's income which was available to her children. In *Lundy* we relied upon our earlier decision in *Molyneaux v. Department of Public Welfare,* 44 Pa. Commonwealth Ct. 111, 403 A. 2d 635 (1979), where we held that 55 Pa. Code §183.44 unlawfully and irrebuttably presumed that the income of a father who was residing with his children was available to them.

However, our holding in *Molyneaux* was reversed and the application of the regulation, 55 Pa. Code §183.44, was upheld as applied to the determination of need and eligibility for AFDC. *Department of Public Welfare v. Molyneaux,* 498 Pa. 192, 445 A.2d 730 (1982). In the course of its opinion, the Supreme Court makes the following, here controlling, reference to 55 Pa. Code §183.44:

> In addition, the provisions of 55 Pa. Code Section 183.44 establishing procedures for the calculation of AFDC grants are in conformity with the federal act and do not violate the due process requirements of the Fourteenth Amendment of the United States Constitution.

tions, 45 C.F.R. §§233.20(a)(3)(ii)(D), 233.20(a)(3)(vi), 233.90-(a)(i), requires DPW to determine availability on the basis of her evidence.

498 Pa. 202, 445 A.2d at 735-36.  This obviously fatally undercuts the authority of *Lundy*.

Order affirmed.

ORDER

AND Now, the 8th day of March, 1983, the final adjudication of the Department of Public Welfare, in the above matter is hereby affirmed·