Annie Bond, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Katherine F. Bryant,* for appellant.

*Linda M. Gunn,* Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, July 31, 1979:

This is an appeal by Annie Bond (petitioner) from a decision of the Department of Public Welfare (DPW) affirming the Philadelphia County Board of Assistance's reduction of her general assistance grant, based upon a determination that she and her daughter comprised one assistance unit rather than two, under DPW regulations. 55 Pa. Code §171.22.[1]

Petitioner, her daughter, and her daughter's children resided together for approximately four years in a house rented by petitioner. Her daughter contributed $30 a month toward the monthly rental of $78. Petitioner was receiving a general assistance grant for

---

[1] 55 Pa. Code §171.22 provides:

Assistance unit—Any group of persons who occupy a common dwelling unit and who are applying for or receiving AFDC, including AFDC-CU or GA. *There shall be only one assistance unit in a dwelling unit except for the following*:

(i) The following persons or family groups, or both shall constitute separate assistance units:

(a) *A roomer*, or a roomer and boarder and their dependents with whom they are living (applies to AFDC or GA, or both). *A roomer* or boarder, or both *is one who pays a fixed fee to a provider of service for room* or board, or both. Dependent children (such as, unemancipated minors) living with their parents or caretaker relatives, are not considered to be roomers or boarders, or both, unless included as members of the family group that is rooming and boarding. (Emphasis added.)

herself before her daughter applied for, and was granted, Aid to Families with Dependent Children (AFDC). At approximately the time her daughter became eligible for AFDC, petitioner was notified that her general assistance would be reduced from $164 to $49 monthly since she and her daughter's family were considered a single assistance unit. After a hearing, this action was affirmed by a hearing examiner. This appeal followed.

Petitioner argues that she and her daughter's family constitute separate assistance units since her daughter's family are roomers within the meaning of 55 Pa. Code §171.22(i)(a), *i.e.*, they pay a "fixed fee to a provider of service" for their living quarters. Although petitioner's daughter gives petitioner $30 a month for rent, this does not conclusively demonstrate that she pays a "fixed fee" which refers to an agreed-upon sum which is definite and binding. *See* definitions "fix" and "fixed", *Black's Law Dictionary* 765 (4th ed. 1968). There is no evidence here that the $30 is an agreed-upon sum which is in any way binding upon either petitioner or her daughter. In addition, we are unable to conclude that petitioner is a "provider of service" as required by the regulation. Petitioner testified that her daughter was living with her in order that petitioner could help care for the children and to save money. They shared food and expenses. This interdependency among family members constitutes a broader relationship than the commercial type of relationship contemplated by 55 Pa. Code §171.22(i)(a).

Petitioner argues that, even if we conclude that she and her daughter were properly considered one assistance unit, DPW nevertheless erred in reducing her general assistance grant without determining how much of her daughter's AFDC grant was actually available to petitioner. Petitioner relies upon the de-

cision in *Gurley v. Wohlgemuth*, 421 F. Supp. 1337 (E.D. Pa. 1976), which held that DPW regulations defining "assistance unit" could not operate to reduce the grant of one AFDC family simply because that family shares a common dwelling with another AFDC family, since to do so was to *presume* income availability between the two families, which presumption violated federal regulations requiring that only *actual* income be considered in establishing need and the amount of assistance. In *Gurley*, two sisters, each with her own family and AFDC grant, shared a house and were treated as one assistance unit under the predecessor to 55 Pa. Code §171.22, resulting in the reduction of one sister's AFDC grant.

The federal law which formed the basis for the decision in *Gurley* is essentially the same as the state law applicable in this case. Section 432.12 of the Public Welfare Code,[2] which is patterned after the relevant federal law, provides:

> (a) In accordance with Federal law and regulations the department shall, in determining need for aid to families with dependent children, take into consideration the income, excluding that amount equal to the expenses reasonably attributable to the earning of income, of all members of the assistance unit who are fourteen years of age or older.
>
> In determining need for general assistance, the department shall take into consideration all income, excluding that amount equal to the expenses reasonably attributable to the earning of income up to twenty-five dollars ($25) per month, of all members of the assistance unit who are fourteen years of age or older. . . .
>
> . . . .

---

[2] Act of June 13, 1967, P.L. 31, *as amended*, added by Section 5 of the Act of July 9, 1976, P.L. 993, 62 P.S. §432.12.

    (c) To be considered in establishing financial eligibility and the amount of the assistance payment, income must be actually available for current use by the applicant or recipient.

We are unable to discern any qualification in Section 432.12(c) which would make it inapplicable to general assistance need determinations. To the contrary, a plain reading indicates that only income actually available for use may be considered in determining need, whether for general assistance or AFDC. Therefore, although the reduced grant was an AFDC grant in *Gurley* and a general assistance grant here, the determinations of need in both cases must rest upon the availability of *actual* income.

    Petitioner's position, which corresponds to that adopted in *Gurley*, is that by reducing her assistance merely because she lives with her daughter, an AFDC recipient, DPW has determined that her need is diminished based upon an economies of scale notion[3] which in turn assumes that her daughter's AFDC grant is available to petitioner as income to be used toward petitioner's expenses. DPW maintains that it is not determining income availability but is merely defining categories and levels of need based upon numbers of persons in assistance units occupying one

---

[3] The DPW regulation is based upon the notion that two separate grant groups living together have less need than they would have if they were living in separate households. *See Gurley v. Wohlgemuth, supra.* DPW establishes levels of need based upon the number of persons in an "assistance unit" which corresponds to the number of persons receiving assistance within the household, *see* 55 Pa. Code §175.23(a), unless a particular assistance group falls within one of the exceptions under 55 Pa. Code §171.22. Under this system the size of the additional increment in assistance decreases as additional persons are added to the assistance unit. Therefore, the amount of assistance received by two assistance groups which are determined to be one, under 55 Pa. Code §171.22, is considerably less than that received if considered separately.

dwelling and that these are independent determinations. This argument was expressly rejected in *Gurley*.

As was said in the *Gurley* decision:

The economies of scale argument is an appealing one, particularly in view of the considerable latitude that the state ought to have in establishing AFDC payment levels. However, as we perceive it, the fundamental fallacy in the economies of scale argument is that, no matter how carefully it is parsed, it is in fact bottomed upon a conclusive presumption that one AFDC family contributed to the support of another AFDC family. Such a presumption . . . is impermissible under the extensive authority cited above. . . . [T]he state cannot, because of 45 C.F.R. §233.90(a),[4] convert these factual possibilities into assumptions of law. (Footnote added.)

421 F. Supp. at 1347.

We find this reasoning persuasive and equally applicable to general assistance grants under Section 432.12. Petitioner's general assistance grant, initially based upon a determination of need, was subsequently greatly reduced without any change in petitioner's circumstances except that her daughter, who lived with her, began receiving assistance. This reduction, without any determination of change in need, creates an obvious presumption that petitioner will receive support from her daughter where there exists no legal obligation and no determination of shared expenses. We must conclude, as the court in *Gurley*, that DPW has violated the requirement that only actual income be considered in determining need. There-

---

[4] 45 C.F.R. §233.90(a) is the federal equivalent of Section 432.12 (c) of the Public Welfare Code, 62 P.S. §432.12(c), as regards the requirement that only actual available income be considered.

fore, we reverse and remand for a redetermination of petitioner's need and assistance entitlement based upon a determination of actual resources shared by the two assistance grants.

ORDER

AND Now, this 31st day of July, 1979, the order of the hearing examiner for the Department of Public Welfare, dated May 30, 1978, is reversed, and the case is remanded for further proceedings consistent with the above opinion.