Rafael Rodriguez, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 18, 1982, before Judges Blatt, Williams, Jr. and Craig, sitting as a panel of three.

*John E. Feather, Jr.,* with him *Vilma Suarez,* for petitioner.

*Jean E. Graybill,* with him *Mary Frances Grabowski,* Assistant Counsel, for respondent.

Opinion by Judge Williams, Jr., September 2, 1983:

This is an appeal from an adjudication by the Pennsylvania Department of Public Welfare (DPW) that petitioner, Rafael Rodriguez, is not a "separate assistance unit" within the meaning of 55 Pa. Code §171.22.[1]

---

[1] 55 Pa. Code §171.22 provides, in pertinent part:

Assistance unit—Any group of persons who occupy a common dwelling unit and who are applying for or receiving AFDC, including AFDC-CU or GA. There shall be

The petitioner applied for general assistance benefits on January 8, 1981. At the time of his application, he was sharing a dwelling with Carmen Torres and her three children. Ms. Torres and her children received public assistance under the Aid to Families with Dependent Children program (AFDC). The petitioner was not related to Ms. Torres; however, both their names appeared on the lease for the dwelling.

Based on the information contained in the application, the Lebanon County Assistance Office (CAO), on January 9, 1981, determined the petitioner eligible for benefits in the amount of $57.00 per month. Since the petitioner was sharing a common dwelling with AFDC recipients, the CAO determined pursuant to 55 Pa. Code §171.22 that the petitioner was part of the same assistance unit as Ms. Torres and her children, and that he was entitled to only the difference between a five-person allowance of $438.00 and a four-person allowance of $381.00. Had the petitioner been deemed a "roomer, or roomer and boarder" as defined in 55 Pa. Code §171.22(a)(1), he would have been treated as a separate assistance unit and been entitled to $172.00 per month in benefits.

---

only one assistance unit in a dwelling unit except for the following:

(i) The following persons or family groups, or both shall constitute separate assistance units:

(A) A roomer, or a roomer and boarder and their dependents with whom they are living (applies to AFDC or GA, or both). A roomer or boarder, or both is one who pays a fixed fee to a provider of service for room or board, or both. Dependent children (such as, unemancipated minors) living with their parents or caretaker relatives, are not considered to be roomers or boarders, or both, unless included as members of the family group that is rooming and boarding.

The petitioner filed a timely appeal from the CAO's determination. A hearing was held on March 6, 1981. The petitioner was not represented by counsel, and, due to his difficulty with the English language, he was assisted by his welfare caseworker, who acted as interpreter. The hearing consisted of a brief explanation of the CAO's basis for its determination, followed by some questioning of the petitioner concerning his financial arrangements with Ms. Torres. In response to questioning by the hearing officer, the caseworker testified that the CAO made a determination that the petitioner and Ms. Torres were sharing expenses "because they are both on the lease." In contrast, the petitioner testified that Ms. Torres paid the rent and the bills, and that she charged him $20.00 per week. The hearing officer affirmed the determination on the ground that the petitioner did not qualify as a separate assistance unit as defined by 55 Pa. Code §171.22(a). Both the director of the Office of Hearings and Appeals and the Secretary of DPW affirmed the hearing examiner's decision. This appeal followed.

The question presented by this appeal is whether DPW appropriately determined that the petitioner does not qualify as a separate assistance unit. Our difficulty in reviewing DPW's adjudication arises from the appearance that the decision is based on an assumption that there is no issue of fact. Indeed, the adjudication states: "[t]he facts of the case are not in dispute between the parties." However, it is clear from the record that there is a factual issue as to whether the petitioner shared in the household expenses, or whether he paid "a fixed fee" to Ms. Torres as a "provider of service for room or board or both." We are not convinced that DPW made a determination of this factual issue, as opposed to simply presuming that the petitioner was sharing in all the household expenses on the basis of two factors: the common dwelling ar-

rangement and the joint lease. While these factors are certainly relevant to a determination of whether the petitioner was a roomer in the Torres household, they are not conclusive of that factual issue. Despite testimony from the claimant that Ms. Torres paid the bills and that he paid her $20.00 per week, the adjudication suggests consideration of no factors other than the joint names on the lease and the common dwelling as the basis for the decision that the petitioner did not qualify as a separate assistance unit. Since resolution of the factual issue of whether the petitioner was a roomer or roomer and boarder, as defined in 55 Pa. Code §171.22, is pivotal to a proper determination of this case, this case must be remanded for further factual findings.[2]

If, upon remand, DPW makes a properly supported factual determination that the petitioner does not qualify for the room-and-board exception to 55 Pa. Code §171.22, DPW must still make a factual determination of actual resources shared between the petitioner and Ms. Torres. It is not sufficient for DPW to conclusively presume that resources of one recipient are available to another merely by virtue of residence in the same household and shared expenses. *Bowmaster v. Department of Public Welfare*, 72 Pa. Commonwealth Ct. 578, 457 A.2d 185 (1983). Citing the

---

[2] We are not persuaded by DPW's argument that the hearing officer's finding that the petitioner "shares in all household expenses" is conclusive. While it is accurate that our scope of review in a case where the party with the burden of proof has lost below precludes our rejection of factual findings unless we find a capricious disregard of evidence, this limitation applies only when the hearing officer has exercised his fact-finding authority. We are not so limited where, as here, the hearing officer has erroneously assumed that there is no factual conflict between the parties. Nor do we interpret the petitioner's testimony as an admission that he shared in all household expenses with Ms. Torres.

Pennsylvania Supreme Court's opinion in *Department of Public Welfare v. Molyneaux*, 498 Pa. 192, 445 A.2d 730 (1982), we held in *Bowmaster* that Section 432.12 of the state Public Welfare Code[3] requires that DPW consider "income actually available for current use" when determining the need of a recipient who shares a common dwelling with another recipient. Should DPW be required to reach this issue, the burden of proving non-availability of Ms. Torres' resources will be on the petitioner. *Bowmaster.*

Accordingly, we vacate the order below and remand the record for further factual findings relative to the issue of whether the petitioner was a roomer or roomer and boarder, within the definition contained in 55 Pa. Code §171.22. If DPW finds that the petitioner does not qualify for the room-and-board exception, then DPW must determine what resources of Ms. Torres are actually available to the petitioner.

ORDER

AND Now, this 2nd day of September, 1983, the adjudication of the Pennsylvania Department of Public Welfare in the above matter is vacated; and the case is hereby remanded for further proceedings consistent with the foregoing opinion. Jurisdiction relinquished.

---

[3] Act of June 13, 1967, P.L. 31, *as amended,* added by Section 5 of the Act of July 15, 1976, P.L. 993, 62 P.S. §432.12.